**Jeffrey Dean ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–94–245–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 2, 1995.

---

Alan E. Warrick, San Antonio, for appellant.

Wiley L. Cheatham, District Attorney, Robert C. Lassmann, Assistant District Attorney, Cuero, for appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Pursuant to a plea bargain, appellant pled guilty to delivering marihuana to a minor, and the trial court assessed punishment at twenty-five years in prison. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.122 (Vernon Supp. 1995). Following his plea-bargained conviction, appellant filed notice of appeal. We docketed the appeal, and appellant filed a brief raising three non-jurisdictional errors. The State then filed a motion to dismiss the appeal for want of jurisdiction. We carried the motion with the case, and the State replied to the merits of appellant's complaints. We now overrule the State's motion to dismiss and affirm the judgment of the trial court.

In its motion to dismiss, the State contends that, as a part of the plea bargain, appellant waived his right to appeal. We disagree. While a defendant may waive the right to appeal through a plea-bargain agreement, *see Doyle v. State*, 888 S.W.2d 514, 517 (Tex.App.—El Paso 1994, pet. ref'd), the record must show that the waiver was made knowingly and voluntarily. *Ex parte Dickey*, 543 S.W.2d 99, 100 (Tex.Crim.App.1976).

In the present case, there is conflicting evidence concerning appellant's waiver of his right to appeal. The record contains the following passage from the guilty plea hearing wherein appellant was being cross-examined by the prosecutor:

Q: As was mentioned there have been certain pretrial motions filed; are you waiving, withdrawing all pretrial motions at this time and waiving notice of appeal and right of appeal with the understanding that you would accept the recommendation here today; is that correct?

A: Yes.

But, the record also contains a "Plea Memorandum" which is signed by the defendant, counsel for the State, counsel for the defendant, and the trial judge. The memorandum makes no specific reference to any waiver of appeal. In fact, in it, appellant states, "I understand that I have the right to appeal...." The document then informs appellant of the timetables and his right to have an attorney for appeal.

As the record conflicts, we do not find that appellant knowingly and voluntarily waived his right to appeal. Accordingly, we deny the State's motion to dismiss.

Nonetheless, we have determined that we do not have the authority to address appellant's points of error because appel-

lant's notice of appeal fails to comply with Tex.R.App.P. 40(b)(1). This rule provides:

> Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, *in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* (Emphasis ours).

Appellant filed a notice of appeal which does not contain the statements required by Rule 40(b)(1). Rule 40(b)(1) is a restrictive rule. *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990). It regulates the extent of the grounds upon which a defendant can appeal. *Id.* If the defendant wishes to appeal a matter which is nonjurisdictional in nature or occurred prior to the entry of his plea, then he must conform to the requirements of Rule 40(b)(1) and include within his notice what the grounds of appeal are (or the fact that he has received the permission of the trial court to appeal those matters). *Id.* Compliance with Rule 40(b)(1) is necessary for a defendant to avoid the restrictions on his right to appeal.[1] *Id.* at 187.

As appellant's notice of appeal does not comply with Rule 40(b)(1), this Court lacks the authority to review the subject matter raised in appellant's brief. *Id.* at 186–87; *see Lyon v. State,* 872 S.W.2d 732 (Tex.Crim. App.1994); *Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App.1994). When a defendant's notice of appeal fails to comply with Rule

40(b)(1), we may address only jurisdictional error. *See Rhem v. State,* 873 S.W.2d 383, 384 n. 2 (Tex.Crim.App.1994). Appellant raises only nonjurisdictional points. Thus, we are not permitted to address them on the merits. Appellant's brief presents nothing for review.

The judgment of the trial court is affirmed.

---

1. A limited exception to the requirements of Rule 40(b)(1) is discussed in *Riley v. State,* 825 S.W.2d 699, 700–01 (Tex.Crim.App.1992), but the exception is not material to the present case.