Pete GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–197–CR.

Court of Appeals of Texas, Corpus Christi.

April 5, 2001.

Michael K. Burns, Corpus Christi, for Appellant.

M.P. 'Dexter' Eaves, Dist. Atty., Victoria, for Appellee.

Before Justices DORSEY, YAÑEZ, and SEERDEN.[1]

## OPINION

YAÑEZ, Justice.

Appellant, Pete Garcia, pleaded guilty to possession with intent to deliver a controlled substance, a first degree felony.[2] Pursuant to a plea agreement, the trial court assessed punishment at thirty years imprisonment, a $25,000 fine, court costs, $140.00 in restitution, and suspension of appellant's driver's license. The punishment assessed did not exceed the punishment recommended in the plea bargain. In a single point of error, appellant contends the trial court erred in denying his motion to suppress evidence. We dismiss the appeal for lack of jurisdiction.

A confidential informant told police that a woman who delivers cocaine to the appellant would be leaving his residence in a large green automobile carrying a substantial amount of cash derived from the sale of cocaine to appellant. The police observed the woman leaving appellant's residence as described by the informant. The police stopped the vehicle on the basis of a traffic violation, obtained consent to search the vehicle, and found $28,690 in cash inside the woman's purse. A canine unit alerted on the purse and certain areas of the car. Based on this information, a search warrant was obtained to search appellant's residence. The search resulted in the discovery of cocaine, $1,960 in cash, and numerous weapons.

Appellant filed a motion to suppress and a suppression hearing was held on December 12, 1998. At the conclusion of the hearing, the trial judge stated he wanted to review the affidavit supporting the warrant and the applicable law prior to ruling on the motion. On March 18, 1999, appellant pleaded guilty pursuant to a plea agreement.

Appellant contends the trial court erred in denying the motion to suppress because the facts alleged in the affidavit supporting the search warrant and the independent

---

**1.** Retired Chief Justice Robert E. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX .GOV'T CODE ANN. § 74.003 (Vernon 1998).

**2.** *See* TEX.HEALTH & SAFETY CODE ANN. § 481.112(a)(f) (Vernon Supp.2001).

corroboration by the police did not provide probable cause.

■ Before reaching the merits of appellant's claim, we must first determine whether this Court has jurisdiction to consider the appeal. A threshold issue in any case is whether the court has the jurisdiction to resolve the pending controversy. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex. Crim.App.1996). Courts will address the question of jurisdiction *sua sponte. Id.* Unless a court has jurisdiction over a matter, its actions in the matter are without validity. *Id.* at 657 n. 2.

■ Where a defendant pleads guilty or *nolo contendere* with the benefit of a plea bargain agreement and the punishment assessed does not exceed the agreed punishment, a defendant's notice of appeal must comply with the extra-notice requirements of rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. TEX.R.APP.P. 25.2(b)(3). In the present case, because the punishment assessed did not exceed that recommended by the prosecutor and agreed to by appellant, appellant's notice of appeal had to satisfy the extra-notice requirements of rule 25.2(b)(3). Specifically, the notice had to: (1) specify that the appeal is for a jurisdictional defect; (2) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (3) state that the trial court granted permission to appeal. *Id.; See Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994); *Perez v. State,* 28 S.W.3d 627, 631 (Tex.App.—Corpus Christi 2000, no pet.). Not only must the specific notice of appeal recite the applicable extra-notice requirements, the record must substantiate the recitations in the notice of appeal. *Sherman v. State,* 12 S.W.3d 489, 492 (Tex.App.—Dallas 1999, no pet.).

■ As this Court has noted, rule 25.2(b)(3) is a restrictive rule. *Adams v. State,* 911 S.W.2d 171, 172–73 (Tex.App.—Corpus Christi 1995, no pet.) (construing former rule 40(b)(1) (predecessor of rule 25.2(b)(3)). The rule regulates the grounds upon which a defendant can appeal. *Id.* If the defendant wishes to appeal a matter which is nonjurisdictional in nature, or which occurred prior to entry of his plea, he must conform to the requirements of rule 25.2(b)(3), and include the grounds for his appeal in his notice. *Id.*

■ Some courts have held, in certain limited circumstances, that a notice that substantially complies with the written requirements of rule 25.2(b)(3) is sufficient to invoke an appellate court's jurisdiction over an appeal. *See Riley v. State,* 825 S.W.2d 699, 701 (Tex.Crim.App.1992) (construing former rule 40(b)(1)); [3] *see also, e.g., Miller v. State,* 11 S.W.3d 345, 347 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd); *but see, Brunswick v. State,* 931 S.W.2d 9, 11 (Tex.App.—Houston [1st Dist.] 1996, no pet.). A party may also challenge the voluntariness of a plea under a general notice of appeal, even though the plea was pursuant to a plea bargain hon-

---

**3.** In *Riley v. State,* 825 S.W.2d 699, 700–01 (Tex.Crim.App.1992), the appellant filed a general notice of appeal, but the record also contained a written order from the trial court expressly granting the appellant permission to appeal and stating that a suppression motion was raised before trial. *Id.* The court of criminal appeals held that the trial court's order, combined with the timely filed notice of appeal, was sufficient to confer jurisdiction on the court of appeals to consider nonjurisdictional defects. *Id.* In the present case, as discussed below, appellant failed to obtain a ruling on his motion to suppress. The record before us thus contains no order signed by the trial judge granting appellant permission to appeal, nor does it contain any other evidence potentially raising the issue of substantial compliance; therefore, we expressly decline to address that issue.

ored by the trial court. *Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996); *Marshall v. State,* 28 S.W.3d 634, 637 (Tex. App.—Corpus Christi 2000, no pet.); *Perez v. State,* 28 S.W.3d 627, 632 (Tex.App.— Corpus Christi 2000, no pet.).

 Appellant's notice of appeal does not meet any of the requirements of rule 25.2(b)(3). The notice simply states that appellant "gives his written notice of appeal to the Court of Appeals of the State of Texas from the judgment of conviction and sentence herein rendered against him on March 18, 1999." It does not specify that the appeal is for a jurisdictional defect, nor does it specify that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal. Thus, appellant filed only a general notice of appeal, *see Lyon,* 872 S.W.2d at 736, which is insufficient to confer jurisdiction on this Court to consider the appeal. *See* TEX. R.APP.P. 25.2(b)(3); *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (construing former rule 40(b)(1)). Because we conclude we lack jurisdiction to consider this appeal, we dismiss it for want of jurisdiction.

 Even if we had jurisdiction, we conclude appellant failed to preserve any error. To preserve error for appellate review, an accused must obtain a ruling on his motion to suppress. TEX.R.APP.P. 33.1(a)(2)(A); *Calloway v. State,* 743 S.W.2d 645, 650 (Tex.Crim.App.1988); *Dunavin v. State,* 611 S.W.2d 91, 97 (Tex. Crim.App.1981); *Tuffiash v. State,* 948 S.W.2d 873, 876 (Tex.App.—San Antonio 1997, pet. ref'd). The record does not indicate that the trial court ever made a ruling on appellant's motion to suppress. Although the docket sheet includes a notation that the motion was denied on January 6, 1999, the record contains no written order on the motion and reflects no oral ruling from the bench. Failure to obtain an adverse ruling on a motion to suppress fails to preserve any asserted error concerning the overruling of that motion. *Dunavin,* 611 S.W.2d at 97. Thus, appellant failed to preserve any error. *See* TEX.R.APP.P. 33.1(a)(2)(A); *Dunavin,* 611 S.W.2d at 97.

We DISMISS the appeal for lack of jurisdiction.