Zacarias Yanez MEDINA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–00–00387–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 17, 2002.

Noel Henry Reese, Gonzales, for Appellant.

Frank Follis, Assistant District Attorney, W.C. Kirkendall, District Attorney, Seguin, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

HINOJOSA, Justice.

Appellant, Zacarias Yanez Medina, was indicted for the offense of driving while intoxicated ("DWI"). The indictment alleged that appellant previously had been convicted of two misdemeanor DWIs and one felony DWI. Appellant filed a motion to quash the indictment, alleging the dis-

trict court did not have jurisdiction over the DWI because appellant's prior DWI convictions were "constitutionally void."[1] After the trial court denied the motion to quash, appellant pleaded guilty in accordance with a plea bargain. The trial court found him guilty and assessed his punishment at five years imprisonment. Appellant specifically reserved the right to appeal the issue of whether the prior DWI convictions were void.

■■■ The Texas Rules of Appellate Procedure provide that if an appeal:

is from a judgment rendered on the defendant's plea of guilty ... and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX. R. APP. P. 25.2(b)(3). The form of the notice of appeal must properly perfect the appeal, and the record must support the allegation of jurisdiction. *Lyon v. State*, 872 S.W.2d 732, 736–37 (Tex.Crim.App. 1994); *Rodriguez v. State*, 42 S.W.3d 181, 184 (Tex.App.-Corpus Christi 2001, no

pet.). If Rule 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with the rule is required as to both form and substance. *Rodriguez*, 42 S.W.3d at 184 (citing *Jones v. State*, 42 S.W.3d 143, 147 (Tex.App.-Amarillo 2000, no pet.)). A general notice of appeal is insufficient to confer jurisdiction on this Court to consider an appeal of a negotiated guilty plea. *See Lyon*, 872 S.W.2d at 736; *Garcia v. State*, 45 S.W.3d 733, 736 (Tex.App.-Corpus Christi 2001, no pet.); *see also Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App. 1994) (construing former rule 40(b)(1)).

■ Appellant's notice of appeal does not meet any of the requirements of Rule 25.2(b)(3). The notice states only that appellant "gives this written notice of appeal to the Court of Appeals of the State of Texas from the judgment of conviction and sentence herein rendered against Zacarias Medina." It does not specify that the appeal is for a jurisdictional defect, or that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal. Thus, appellant filed only a general notice of appeal.

We note that there has been some conflict among the courts of appeals as to whether an appellant may challenge jurisdictional issues by filing a general notice of appeal. *Compare, e.g., Lopez v. State*, 25

---

1. Specifically, appellant contends his two misdemeanor DWIs were "constitutionally void" because, although appellant's wife acted as his interpreter, the trial courts did not provide him with an official interpreter; thus, he was denied the right of confrontation. *See Baltierra v. State*, 586 S.W.2d 553, 559 (Tex. Crim.App.1979) (when it is made known to the trial court that an accused does not speak and understand English, an interpreter must be furnished to translate the trial proceedings to the accused; otherwise, the accused's constitutional right of confrontation is denied); *see also* TEX. CONST. art. 1, § 10; TEX. CODE

CRIM. PROC. ANN. art. 38.30 (Vernon Supp. 2002).

Appellant contends the prior felony DWI was void because the two "felonizing" DWIs were void and could not serve as proper enhancement convictions. He claims that because all three of his prior DWI convictions are void, the district court did not have jurisdiction over this DWI case. In other words, this DWI should have been charged as a misdemeanor, not as a felony, and the county court, not the district court, had jurisdiction to hear and decide this case.

S.W.3d 926, 928 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *Martinez v. State*, 5 S.W.3d 722, 725 (Tex.App.-San Antonio 1999, no pet.); *Vidaurri v. State*, 981 S.W.2d 478, 479 (Tex.App.-Amarillo 1998), *aff'd in part, rev'd in part*, 49 S.W.3d 880 (Tex.Crim.App.2001) (all suggesting that jurisdictional issues may be perfected with a general notice of appeal) *with Jones*, 42 S.W.3d at 147; *Hernandez v. State*, 986 S.W.2d 817, 819 (Tex.App.-Austin 1999, pet. ref'd); *Villanueva v. State*, 977 S.W.2d 693, 695 (Tex.App.-Fort Worth 1998, no pet.) (all holding that an appeal of jurisdictional issues must be by special notice of appeal which specifies the jurisdictional issues).[2]

The Texas Court of Criminal Appeals has very recently settled this issue. In *White v. State*, 61 S.W.3d 424, 426, 2001 Tex.Crim.App. LEXIS 124, *1–*2 (Tex. Crim.App.2001), the appellant entered into a negotiated guilty plea; he later attempted to appeal a jurisdictional issue with a general notice of appeal. Acknowledging the conflict among the courts of appeals, the court of criminal appeals stated:

> [p]rocedural rules provide a framework within which to appeal errors that occurred in the trial court, including errors in jurisdiction. Failure to follow these rules does not result in a waiver of jurisdiction; it merely does not properly invoke the jurisdiction of the appellate court. We see no reason why the notice requirements of Rule 25.2(b)(3)(A) should be viewed any differently than the requirements of the other Rules of Appellate Procedure. What an appellant must put into a notice of appeal under Rule 25.2(b)(3)(A) is a purely procedural question, leaving his substantive

right to appeal jurisdictional errors unaffected.

Failure to properly invoke the jurisdiction of an appellate court under Rule 25.2(b)(3)(A) does not waive a claim of jurisdictional error. A plea-bargaining defendant can challenge the trial court's jurisdiction in an application for writ of habeas corpus. Not only does Rule 25.2(b)(3)(A) not abridge an appellant's right to appeal a jurisdictional defect on direct appeal, failure to comply with the Rule's requirements does not affect an appellant's right to bring a jurisdictional claim in a post-conviction writ of habeas corpus.

We hold that the notice requirements set forth in Rule 25.2(b)(3)(A) should be interpreted according to their plain meaning. Requiring that an appellant specify that an appeal is for a jurisdictional defect in no way affects his substantive right to challenge on appeal the jurisdiction of the trial court over his plea bargain. Rule 25.2(b)(3)(A) is simply a procedural requirement that must be followed to properly invoke an appellate courts' [sic] jurisdiction and is no different than any other procedural requirement that must be followed when perfecting an appeal.

*Id.* at 429, 2001 Tex.Crim.App. LEXIS 124, at *9–*11 (citations omitted).

■ Therefore, it is now clear that an appellant who wishes to raise a jurisdictional issue in an appeal from a negotiated plea in which his punishment did not exceed the agreed-upon term must comply with the special notice of appeal requirements set forth in Rule 25.2(b)(3)(A). Be-

---

2. We note that this Court recently held in an unpublished opinion that an appellant failed to vest the Court with jurisdiction to consider a jurisdictional issue by his failure to file a notice of appeal meeting the requirements of Rule 25.2(b)(3). *See Hernandez v. State*, No. 13–00–278–CR, 2001 WL 902431, *2, Tex. App. LEXIS 5467, *5 (Tex.App.-Corpus Christi 2001, no pet. h.).

cause appellant failed to comply with those requirements, we hold we are without jurisdiction to consider his appeal.

Accordingly, this appeal is dismissed for want of jurisdiction.