COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

IGNACIA SANDOVAL McCOY,                       )                    No.  08-01-00041-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      243rd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                        (TC# 960D03815)

 

 

O
P I N I O N

 

Ignacia
Sandoval McCoy appeals from her conviction for the offense of unlawful
possession of more than 400 grams of cocaine. 
A jury found Appellant guilty and assessed punishment at imprisonment
for a term of ten years, probated for ten years, and a $100,000 fine.  We affirm. 

FACTUAL SUMMARY

On
May 7, 1996 at approximately 8:30 a.m., the El Paso County Sheriff=s Department executed a search warrant
at 10991 Staci, a residence located in El Paso, Texas.  Officers found more than 700 grams of cocaine
and numerous items of narcotics paraphernalia in the master bedroom and a
bathroom.  Appellant lived in the house
with her husband, Ricardo Salcido.  She
was not home at the time of the officers=
arrival because she was taking her daughter to school.  She returned during the execution of the
warrant and was arrested.  








Appellant
filed a written motion to suppress alleging that the search warrant affidavit
was defective.  At the suppression
hearing, however, she also argued that the officers failed to comply with the Aknock and announce@ requirement.  See  Richards v. Wisconsin, 520 U.S. 385,
117 S.Ct. 1416, 137 L.Ed.2d 615 (1997); Wilson v. Arkansas, 514 U.S.
927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). 
The trial court questioned whether Appellant had standing to complain
about a violation of the Aknock
and announce@
requirement since she was not at home when the officers entered the house.  He did not immediately rule on the motion but
instead indicated that he would read the cases supplied by Appellant.  The record does not indicate that the trial
court ever ruled on the motion.

FAILURE TO AKNOCK
AND ANNOUNCE@

In
her sole point of error, Appellant contends that the trial court erred in
determining that she lacked standing to contest the search of her home.  The State responds that Appellant has waived
review because she did not secure a ruling on her motion to suppress and
because she affirmatively stated she had no objection when the evidence she
sought to suppress was admitted at trial. 
We agree.

As
a prerequisite to presenting a complaint for appellate review, the record must
demonstrate that the complaint was made to the trial court by a timely request,
objection, or motion, and the trial court ruled on the request, objection, or
motion.  Tex.R.App.P. 33.1(a)(1) and (2); Richardson v. State,
981 S.W.2d 453, 455 (Tex.App.‑-El Paso 1998, pet. ref=d). 
Failure to obtain an adverse ruling on a motion to suppress waives
error.  Dunavin v. State, 611
S.W.2d 91, 97 (Tex.Crim.App. 1981).              Appellant maintains that the
following statement by the trial court constitutes a ruling that she lacked
standing.








On the issue as to
her, as to standing, my understanding of the knock-and-announce rule is, in
common-law, we didn=t want
law enforcement people coming into our houses unannounced for fear that they
might get shot by the people inside because you would think it was a burglar or
whatever coming into your house.  So it
seems to me like if you don=t
knock and announce, you violate the rights of the person who=s actually in there.  So if she wasn=t
actually in there, she may not have actually standing to complain.  I don=t
know.  I don=t
know that much about the knock-and-announce rule because it=s been so long since I=ve studied it.  But she may not have standing to complain
because she wasn=t there,
even though it was her house.  Because a
violation of the knock and announce, the danger of it is to the people inside
of the house.  [Emphasis added].

 

Appellant then
shifted her argument to another ground stated in her motion to suppress,
namely, that the search warrant did not state probable cause to arrest
her.  At the end of this discussion, the
trial judge stated:

So the two issues --
the facts -- when you give me these cases, I=ll
read those and whether or not the knock and announce would benefit someone who
is not actually inside the house.  I
don=t know if
it does or doesn=t.  [Emphasis added].

 

With that remark,
the court concluded the hearing.  

These
comments indicate that the trial court took the suppression motion under
advisement; certainly, nothing in these remarks can be construed as a ruling on
the suppression motion.  Further, there
is nothing in the record to show that the court either expressly or impliedly
ruled on the motion at a subsequent time. 
Therefore, Appellant failed to preserve error.  See Dunavin, 611 S.W.2d at 97;
Garcia v. State, 45 S.W.3d 733, 736 (Tex.App.‑-Corpus Christi 2001,
no pet.).  Moreover, even if the record
contained a ruling, Appellant waived her complaint by affirmatively stating at
trial that she had no objection to the admission of the challenged evidence.  See Dean v. State, 749 S.W.2d 80, 83
(Tex.Crim.App. 1988); Traylor v. State, 855 S.W.2d 25, 26 (Tex.App.‑-El
Paso 1993, no pet.).  For all of these
reasons, Appellant=s sole
point of error is overruled and the judgment of the trial court is affirmed.








 

June 20, 2002

                                                                         


ANN CRAWFORD
McCLURE, Justice

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)