# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00019-CR

**Jeffery Winters, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 2011254, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

Appellant Jeffery Winters entered a guilty plea and was convicted of the offense of possessing more than four ounces but less than five pounds of marihuana. *See* Tex. Health & Safety Code Ann. ' 481.121 (West Supp. 2002). Pursuant to the plea bargain agreement, the trial court assessed appellant=s punishment at confinement in a state jail facility for two years and a fine of $1,000. Appellant was placed on community supervision for four years.

Because of the deficiencies of the notice of appeal, we must dismiss this appeal for lack of jurisdiction. A court=s own jurisdiction is fundamental, and a court may not ignore the lack of jurisdiction even if not raised by the parties. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996); *Garcia v. State*, 45 S.W.3d 733, 735 (Tex. App.CCorpus Christi 2001, no pet.); *Solis v. State*, 890 S.W.2d 518, 520 (Tex. App.CDallas 1994, no pet.).

The Rules of Appellate Procedure provide that when an appeal is from a judgment rendered on a defendant=s plea of guilty and the punishment assessed does not exceed the punishment

recommended by the prosecutor and agreed to by the defendant, notice of appeal must (1) specify that the appeal is for a jurisdictional defect, (2) specify that the substance of the appeal was raised by written motion and ruled on before trial, or (3) state that the trial court granted permission to appeal. Tex. R. App. P. 26.2(b)(3). *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); *Lopez v. State*, 60 S.W.3d 268, 269 (Tex. App.CTexarkana 2001, no pet.); *Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.CAustin 2001, no pet.).

Appellants appeal is from a judgment rendered on his guilty plea, and the punishment assessed by the trial court does not exceed the punishment recommended by the State and agreed to by appellant. Appellants notice of appeal does not specify that his appeal is for a jurisdictional defect, and it does not specify that the substance of the appeal was raised by written motion and ruled on before trial. The notice of appeal does state that the trial court gave permission for the defendant to file this appeal.[1] The record must support a defendants assertion that the trial court granted permission to appeal; to make this determination, the reviewing court is required to consider the entire record. *See Riley v. State*, 825 S.W.2d 699, 701 (Tex. Crim. App. 1992); *Garcia*, 45 S.W.3d at 735; *Sherman v. State*, 12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.); *Solis*, 890 S.W.2d at 520. We can find nothing in this record that supports appellants assertion that the trial court granted him permission to appeal any specific issue.

---

[1] Here, appellants notice of appeal states: AOn November 9, 2001, the Defendant was convicted and sentenced for Possession of Marijuana 4 oz. To 5 lbs. On November 21, 2001, the Honorable Frank Bryan Presiding Judge of the 403rd gave his permission for defendant to file this appeal from a plea bargain.@

Here, the trial court followed its statutory duty to appoint appellate counsel for the indigent appellant.[2] *See* Tex. Code Crim. Proc. Ann. art. 1.051(d)(1) (West Supp. 2002). Counsel's appointment on November 21, 2001, to represent the indigent appellant on appeal does not satisfy the statutory requirements for giving proper notice of appeal in cases such as this. It is still necessary that proper notice of appeal be given in order to vest the appellate court with jurisdiction.

Because of the deficiencies of the notice of appeal, this appeal is dismissed for lack of jurisdiction.

_____

Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally[*]

Dismissed

_____

[2] I hereby appoint [named attorney], an attorney found by the Court to be competent, to represent the defendant in the above numbered and entitled cause, and to continue to represent the defendant until the case is concluded, including appeal, if any, or until released by written order of this Court.

| Nov 21 2001 | /s/ Frank W. Bryan, Jr. |
| Date | Judge Presiding |

Filed:   August 30, 2002

Do Not Publish

\*    Before Carl E. F. Dally, Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).