Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



OCTAVIO LICON,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00386-CR

Appeal from the

County Criminal Court No. 1

of El Paso County, Texas

(TC# 20020C02436)




O P I N I O N

           This is an appeal from a conviction for the offense of driving while intoxicated. 
Appellant pleaded guilty and the court assessed punishment at eighteen months’ community
supervision and a fine of $1,000. We dismiss the appeal for want of jurisdiction.
 I. SUMMARY OF THE EVIDENCE
           Appellant filed a motion to suppress on July 24, 2002. A hearing was held on the
motion on March 21, 2003. On July 21, 2003, Appellant pleaded guilty and a notice of
appeal was timely filed on August 20, 2003. At the close of evidence, defense counsel stated
that he had a case he wanted to present to the court regarding the propriety of the stop. The
court instructed defense counsel to bring him the case and he would reserve a ruling until
Monday. The hearing then adjourned. The court’s docket sheet contains the entry dated
March 21, 2003, “motion to suppress-on record-denied.”
II. DISCUSSION
           In Appellant’s sole issue, he asserts that the court abused its discretion in denying his
motion to suppress because the State failed to show the reasonableness of the traffic stop. 
However, initially we must address the State’s contention that Appellant has waived his
contention on appeal by failing to provide a ruling in the appellate record denying his motion
to suppress. As a prerequisite to presenting a complaint for appellate review, the record must
demonstrate that the complaint was made to the trial court by a timely request, objection, or
motion, and the trial court ruled on the request, objection, or motion. Tex. R. App. P. 
33.1(a)(1) and (2); Richardson v. State, 981 S.W.2d 453, 455 (Tex. App.--El Paso 1998, pet.
ref’d). Failure to obtain an adverse ruling on a motion to suppress waives error. Dunavin
v. State, 611 S.W.2d 91, 97 (Tex. Crim. App. 1981). Furthermore, a docket sheet entry
cannot stand as an order. State v. Shaw, 4 S.W.3d 875, 878 (Tex. App.--Dallas 1999, no
pet.); see also Garcia v. State, 45 S.W.3d 733, 736 (Tex. App.--Corpus Christi 2001, no pet.). 
Docket sheet entries are not part of the record because they are inherently unreliable, and lack
the formality of orders and judgments. Rather, a docket sheet entry is a memorandum made
for the convenience of the trial court and clerk. Shaw, 4 S.W.3d at 878.
 

           We have very carefully studied the record before us and find no order in the record
denying Appellant’s motion to suppress. Accordingly, we dismiss the appeal for want of
jurisdiction. See Garcia, 45 S.W.3d at 736.

                                                                              RICHARD BARAJAS, Chief Justice
January 13, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)