NUMBER 13-02-578-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

CARLOS
KELLY,                                                      Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

                   On appeal from the 24th  District
Court

                           of Refugio
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

              Before Justices Rodriguez,
Castillo and Wittig[1]

                  Memorandum Opinion by Justice Castillo

 








Appellant Carlos Kelly appeals the trial court's
denial of his motion to suppress. On original submission, we held that Kelly's
constitutional right to a speedy trial was violated.  See Kelly v. State, 122 S.W.3d 227,
236 (Tex. App.BCorpus Christi 2003), rev'd and remanded by 163
S.W.3d 722 (Tex. Crim. App. 2005) (citing Barker v. Wingo, 407 U.S. 514
(1972)).  The Court of Criminal Appeals
reversed and remanded, concluding that the Barker factors weighed
against finding a speedy trial violation. 
Kelly, 163 S.W.3d at 729-730. 
Consistent with the mandate of the Court of Criminal Appeals, we
consider Kelly's remaining issues on remand. 
We affirm.   

I. Remaining Issues on Appeal

By his first and
second issues, Kelly maintains that the trial court abused its discretion in
denying Kelly's amended motion to suppress because (1) the warrant did not
comply with statutory requirements, and (2) the search of Kelly's home was
unconstitutional. 

II.  The Record

Kelly directs us to, and we have reviewed, the appellate record in Carlos
Kelly v. State, No. 13-02-132-CR, 2004 Tex. App. LEXIS 5815 (Tex. App.BCorpus Christi, July
1, 2004, pet. ref'd).[2]  Kelly raised the identical issues on appeal
in that case as to the propriety of the trial court's denial of his motion to
suppress.  We have similarly reviewed the
record in this appeal.  Kelly's cases
were disposed separately and before different trial court judges.  The trial court in this case did not convene
a hearing on the motion to suppress. 
Neither record contains an order denying the motion to suppress.








III.  Preservation of Error

While Kelly asserts that he is appealing the trial court's denial of
his pretrial motion to suppress, no such order appears in the record.  The docket sheet does not indicate that the
motion was denied.[3]  The clerk's record contains no written
order.  The record of the plea similarly
makes no allusion to any ruling on the motion to suppress in this case.  

It is incumbent upon the accused to obtain a ruling on his motion to
suppress in order to be able to preserve any error for appellate review.  Tex.
R. App. P. 33.1(a)(2)(A); Garcia v. State, 45 S.W.3d 733, 736
(Tex. App.BCorpus Christi 2001,
no pet.) (holding error was not preserved where record contained no written
order and reflected no oral ruling, even though docket sheet notation indicated
that motion to suppress was denied). 
Kelly has failed to preserve any asserted error concerning the denial of
his motion to suppress.  Garcia,
45 S.W.3d at 736.  Accordingly, we
overrule Kelly's two remaining issues.

IV.  Conclusion

Having overruled Kelly's remaining issues, we affirm the
judgment.  

ERRLINDA
CASTILLO

Justice

Do
not publish

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and filed

this the 25th day of
August, 2005.                         











[1] 
Retired Fourteenth Court of Appeals Justice Don Wittig was assigned to
this Court by the Chief Justice of the Supreme Court of Texas pursuant to the
government code.  See Tex. Gov=t Code Ann. ' 74.003 (Vernon Supp. 2004-05).





[2] See In re Kelly, No. PD-1372-04, 2005 Tex. Crim.
App. LEXIS 852 (Tex. Crim. App. June 8, 2005).

 

2





[3] It is well settled that a docket
sheet entry may not substitute as an order. 
In re Fuentes, 960 S.W.2d 261, 264 (Tex. App.BCorpus Christi 1997, orig.
proceeding).