ACCEPTED
01-14-00885-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/9/2015 12:17:25 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00885-CR

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/9/2015 12:17:25 AM
CHRISTOPHER A. PRINE
Clerk

ABNER WASHINGTON
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1430059
From the 248th District Court, Harris County, Texas

BRIEF FOR APPELLANT

ORAL ARGUMENT REQUESTED

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

SARAH V. WOOD
Assistant Public Defender
Harris County, Texas
State Bar Number 24048898
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax:    (713) 368-9278
Sarah.Wood@pdo.hctx.net

**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                    Abner Washington

TRIAL PROSECUTOR:                             Jill Foltermann
                                              Assistant District Attorney
                                              Harris County, Texas
                                              1201 Franklin, Suite 600
                                              Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:                     Denise Crawford
                                              1302 Waugh Drive, #242
                                              Houston, Texas 77019

PRESIDING JUDGE:                              Hon. Katherine Cabaniss
                                              248th District Court
                                              Harris County, Texas
                                              1201 Franklin, 17th floor
                                              Houston, Texas 77002

DEFENSE COUNSEL ON APPEAL:                    Sarah V. Wood
                                              Assistant Public Defender
                                              Harris County, Texas
                                              1201 Franklin, 13th Floor
                                              Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................ 2

Table of Contents ..................................................................................................... 3

Index of Authorities ................................................................................................. 4

Statement of the Case .............................................................................................. 5

Issues Presented ....................................................................................................... 5

Statement of Facts ................................................................................................... 6

Summary of the Argument ....................................................................................... 9

Argument ................................................................................................................ 11

    Issue One: The appellant was denied the right to counsel during the time for filing a motion for new trial. .................................................................................. 11

    Issue Two: The trial court erred in failing to grant a hearing on a motion for new trial. ................................................................................................................ 16

Prayer ..................................................................................................................... 20

Certificate of Service and Compliance ................................................................... 21

# INDEX OF AUTHORITIES

**Cases**

*Adams v. State*, 911 S.W.2d 171 (Tex.App.—Corpus Christi 1995) ...........................................11

*Carranza v. State*, 960 S.W.2d 76 (Tex. Crim. App. 1998).............................................................18

*Cooks v. State*, 240 S.W.3d 906 (Tex. Crim. App. 2007) ...................................................... 11, 15

*Daniels v. State*, 63 S.W.3d 67 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) .................17

*Dominguez v. State*, 441 S.W.3d 652 (Tex. App.—Houston [1st Dist.] 2014, no pet.)...............18

*Dorsey v. State*, 55 S.W.3d 227 (Tex. App.—Corpus Christi 2001, no pet.).............................. 12

*Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009). ......................................................12

*Ex parte Coleman*, 455 S.W.2d 209 (Tex. Crim. App. 1970).........................................................14

*Gideon v. Wainwright*, 372 U.S. 335 (1963) .................................................................................14

*Green v. State*, 264 S.W.3d 63 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).....................13

*Hobbs v. State*, 298 S.W.3d 193 (Tex. Crim. App. 2009)..............................................................16

*In re Bonilla*, 424 S.W.3d 528 (Tex. Crim. App. 2014).................................................................18

*Oldham v. State*, 977 S.W.2d 354 (Tex. Crim. App. 1998); ..........................................................12

*Prudhomme v. State*, 28 S.W.3d 114 (Tex. App.—Texarkana 2000, no pet.)................................13

*Reyes v. State*, 849 S.W.2d 812 (Tex. Crim. App. 1993) ...............................................................19

*Smith v. State*, 286 S.W.3d 333 (Tex. Crim. App. 2009)...............................................................16

*State v. Evans*, 843 S.W.2d 576 (Tex. Crim. App. 1992) ...............................................................16

*Washington v. State,* 363 S.W.3d 589 (Tex. Crim. App. 2012)......................................................12

*Washington v. State*, 394 S.W.3d 39 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ...............16

**Statutes**

Tex. Civ. Prac. & Rem. Code § 132.001..................................................................................18

## STATEMENT OF THE CASE

Mr. Abner Washington was charged with the State Jail felony of possession of less than a gram of cocaine, alleged to have been committed on May 29, 2014 (C.R. at 9). He pled guilty in the absence of any agreement with the State and the trial court sentenced him to 60 days in jail. (C.R. at 25).

## ISSUES PRESENTED

- Issue One: The appellant was denied the right to counsel during the time for filing a motion for new trial.

- Issue Two: The trial court erred in failing to grant a hearing on a motion for new trial.

Mr. Abner Washington was arrested and charged with possessing less than one gram of cocaine on May 29, 2014. His bond was set at "No Bond." (C.R. at 6-7). The next day, he was appointed an attorney and set to appear in court on June 17. The reset form contained the notation "Lab Report." (C.R. at 8). Then on June 17, trial counsel signed a "Joint List of Requested and Released Discovery," indicating that the only item requested and released was an offense report. (C.R. at 11-12).

On that first court setting of June 17, appellant and his counsel enacted a waiver of indictment and signed plea papers. The pre-printed form stated, "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 'WOAR.'"[1] (C.R. at 15). The boilerplate further states, "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement." (C.R. at 15). At the bottom of the page, the judge placed her signature beneath a pre-printed finding that the defendant pled guilty and that the court's punishment did not exceed the recommendation. (C.R. at 15).

No reporter's record was filed in this case. The judgment states, "Terms of Plea Bargain: Without an Agreed Recommendation." (C.R. at 25). The judgment further indicates that appellant pled guilty and was sentenced to 60 days in jail. (C.R. at 25).

At the bottom of the court's judgment, it states, "Appeal Waived. No permission

---

[1] WOAR is a colloquialism for "without an agreed recommendation" and is hand-written in the blank.

to appeal granted." (C.R. at 26). Then in the trial court's certification of defendant's right of appeal, it states "the defendant has waived the right of appeal." (C.R. at 22, 25). No actual evidence of waiver appears in the record.

Starting two days later, the fifty-three-year-old Mr. Washington began filing hand-written, pro se motions and letters protesting his conviction and requesting legal assistance. (C.R. at 31). He asked the court to reduce his sentence because he had expected to be given "3 for 1 credit," but had not—and because he had an abscessed tooth which was not being treated. He moved the trial court to grant him 10 hours per week in the Harris County Jail's law library because he was only being allowed 30 minutes. (C.R. at 32). He filed a motion complaining that, because he is indigent, he cannot afford to use the jail phones to contact potential witnesses for his defense. (C.R. at 34).

In a document titled "Motion to Alter, Amend, Open, or Vacate Judgment or Conviction," apparently filed June 26 (See C.R. at 3, 35), the appellant asked the trial court to "vacate and set aside the felony conviction," asserting innocence because the pipe did not contain cocaine. (C.R. at 36). It was accompanied by a specific request for a hearing and for an attorney. (C.R. at 38-39). A cordial letter directed to the clerk also requested a hearing and stated he was acting pro se because it appeared trial counsel was no longer assigned to his case. (C.R. at 42).

In response, the trial court clerk, "T Jones," responded that on July 7, "the court took no action" and advised that the appellant was "currently being held on a parole

violation. Please contact TDC." (C.R. at 40).

Then on July 2, the appellant addressed a polite letter directly to Judge Cabaniss, informing her that his plea was involuntary and that he was requesting access to his trial attorney and needed a hearing. (C.R. at 44).

The appellant filed another motion stamped July 9, entitled "Post-Judgment Hearing Conference Requested on Defendant's Motions to Alter or Amend the Judgment or Alternatively Request to Withdraw Guilty Plea Due to Misunderstanding of Terms." (C.R. at 48). The sworn pleading set out coherent facts alleging that his plea was involuntary due to 1) unknown collateral consequences of losing disability benefits 2) a mistaken belief that his plea would result in a misdemeanor conviction, and 3) any residue in the pipe should not sustain a conviction. (C.R. at 48-50).[2]
pled guilty less than two weeks later for sentencing from the court (C.R. at 79). No reporter's record was filed in this case.

Next, the appellant submitted a motion file-stamped July 22, entitled "Defendant's Request and Notice of Appeal in a Plea Bargain and on Post-Judgment Motions to Alter and Amend Judgment or Alternatively Withdraw Guilty Plea Due to Lack of Understanding the Terms; and Ineffective Assistance of Counsel." (C.R. at 53).

In response, the clerk, T Jones, sent a letter to Mr. Washington in jail, stating

---

[2] Like other documents within this clerk's record, the pages of this motion are assembled out of order and the reader should reference the hand-written numbering at the bottom of the page.

8

"Your NOTICE OF APPEAL was filed with the District Clerk and on 7/22/14, the Court took no action." The clerk further explained, "You cannot appeal a sentence after it has been satisfied. Please consult an attorney." (C.R. at 56).

From jail, the appellant filed more requests for a hearing; this time to determine his right to appeal. (C.R. at 58, 60). He even tried subpoenaing himself to be brought to court. (C.R. at 63). He wrote a letter to the clerk responding and imploring him to "please understand that I am trying to appeal the judgment…" (C.R. at 72). Appellate counsel was finally appointed in September, three months after his conviction. (C.R. at 77).

## SUMMARY OF THE ARGUMENT

Mr. Washington had a constitutional right to the effective assistance of counsel during the time for filing a motion for new trial. The record is sufficient to rebut any presumption that appointed trial counsel continued to represent him because it was the trial court's erroneous position that he did not even have a right to appeal, as stated in the trial court's certification and as stated in the court clerk's correspondence to Mr. Washington that he could not appeal and should instead consult an attorney. Additionally, the appellant filed numerous pleadings and letters stating that although he was aware that trial counsel was no longer appointed to his case, he wished for her

reappointment or at least the appointment of some other counsel and stating that his attempts to contact trial counsel had been fruitless. It cannot be determined that this constitutional violation was harmless beyond a reasonable doubt because he alleged plausible grounds in motions for new trial that he wrote himself.

If this Court were to find that Mr. Washington was not deprived of counsel, then it should determine that the pleadings he filed himself entitled him to a hearing on a motion for new trial. He alleged factual grounds which could entitle him to relief. His pleading included a jurat under penalty of perjury and he met the presentment requirement by addressing requests for a hearing in letters addressed directly to the judge and the clerk and the clerk responded directly back to him.

The only effective remedy in this case is to abate it back to the trial court so that counsel can litigate a motion for new trial.

**ARGUMENT**

**Issue One: The appellant was denied the right to counsel during the time for filing a motion for new trial.**

The thirty-day time period for filing a motion for new trial is a critical stage in a criminal proceeding, and a defendant has a constitutional right to counsel during that period. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); see also Tex.R.App. P. 21.4(a) (providing thirty days for a defendant to file a motion for new trial). If a defendant was represented by counsel at trial, there is a rebuttable presumption that trial counsel continued to represent the defendant after trial. *Cooks*, 240 S.W.3d at 911. This presumption is rebutted if the record affirmatively displays that the defendant was not adequately represented by counsel during the time period for filing a motion for new trial. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).

In this case, it is clear from the record that Mr. Washington was not represented by counsel after his conviction.

First, the trial court erroneously held at the time of the plea that Mr. Washington did not even have the right to appeal, as evidenced by its certification. (C.R. at 22). The record must, of course, reflect with certainty that a waiver was in fact made knowingly and voluntarily. *Adams v. State*, 911 S.W.2d 171, 172 (Tex.App.—Corpus Christi 1995) (where record showed that appellant made oral waiver of appeal at guilty plea hearing but also contained plea memorandum signed by appellant that suggested otherwise, record fails to adequately show knowing and voluntary waiver of right to appeal). The

11

only thing that could be construed as a waiver of appeal in this case is pre-printed boilerplate language in the plea papers which states, "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement." (C.R. at 15). However, the record is clear that no plea bargain agreement existed. The pre-printed form stated, "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 'WOAR.'"[3] (C.R. at 15).

When a defendant's waiver of the right to appeal was entered before he or she knew what the punishment would be, the waiver is ineffective. *See Washington v. State,* 363 S.W.3d 589 (Tex. Crim. App. 2012); *Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006). Another way a presentencing waiver can be enforceable without a plea agreement is when the State has given some consideration for the waiver, such as a consent in some other aspect of the case. *Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009). None of those factors support a waiver in this case. Moreover, a defendant who enters an open plea of guilty generally has an unlimited right to appeal. *Dorsey v. State*, 55 S.W.3d 227, 234 (Tex. App.—Corpus Christi 2001, no pet.).

Because the trial court pronounced that Mr. Washington could not appeal, then appointed trial counsel would not have continued to have represented Mr. Washington on any appeal.

---

[3] WOAR is a colloquialism for "without an agreed recommendation" and is hand-written in the blank.

In many such cases, it may indeed be possible to speculate that perhaps the defendant was effectively counseled on his post-conviction rights: "For all we know, trial counsel told appellant about a panoply of appellate rights, rules, odds of success, and left it up to appellant to contact counsel if appellant wanted to appeal." *Green v. State*, 264 S.W.3d 63, 70 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In this case, however, if trial counsel had correctly advised Mr. Washington about his appellate rights, then surely counsel would have corrected the trial court's certification. Counsel also would have taken some action to correct the clerk's letter to appellant that he "cannot appeal a sentence after it has been satisfied." (C.R. at 56). What is the role of appellate counsel if not to assert the defendant's rights in these circumstances? The only reasonable conclusion is that counsel was absent.

Additionally, Mr. Washington filed numerous post-trial pro se motions requesting appointment of counsel. *See e.g., Prudhomme v. State*, 28 S.W.3d 114, 120 (Tex. App.—Texarkana 2000, no pet.) (holding pro se filings rebutted presumption of effective appellate counsel).

On June 26, the appellant filed a motion stating, "Comes now Abner L. Washington defendant pro se, and moves this honorable court to re-assign attorney Denise M. Crawford to the case on post-judgment [matters]." (C.R. at 39). This presupposes the fact that trial counsel was no longer assigned to his case. In response, the clerk wrote to him that the "court took no action" because he had "completed his

sentence." (C.R. at 40). Also, the docket sheet shows that trial counsel submitted her fee voucher to the court for Mr. Washington's case on June 18. (C.R. at 79).

In a letter to the clerk stamped July 7, Mr. Washington wrote, "The court appointed counsel, Mrs. Denise Crawford may no longer be assigned to the case, therefore, I am currently representing myself…" (C.R. at 42). In another motion stamped July 9, appellant wrote, "Furthermore, my court appointed counselor Ms. Crawford, although relieved from further duties, should not have ignored the defendant's attempts to communicate…" (C.R. at 47).

On July 22, the clerk of the court responded to Mr. Washington by informing him, "You cannot appeal a sentence after it has been satisfied. Please consult an attorney." (C.R. at 56). It should be noted that this action on its own—by an officer of the court—represents a bold violation of the constitutional right to access the courts, due process, and general rights of appeal and counsel. *See In re Bonilla*, 424 S.W.3d 528, 531 (Tex. Crim. App. 2014). It certainly causes one to wonder how many other less persistent defendants have been shut down by the same course of action.

The court did finally appoint counsel on September 15, three months after his conviction. (C.R. at 77). These circumstances effectively rebut any presumption that appointed trial counsel continued to represent Mr. Washington during the time for preparing the motion for new trial.

The failure to appoint this indigent inmate counsel on appeal after his timely request violated his Fourteenth and Sixth Amendment rights under the United States

Constitution. *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Ex parte Coleman*, 455 S.W.2d 209, 210 (Tex. Crim. App. 1970).

The Sixth Amendment to the United States Constitution provides defendants with a right to the effective assistance of counsel during all critical stages of a trial and appeal. U.S. Const. amend VI; see also Tex. Const. art. I, § 10; *Trevino v. State*, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978) (explaining that "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected ....")

The denial of counsel during the time period for filing a motion for new trial is an error of constitutional dimension. Accordingly, this Court must remand unless it can be determined the error was harmless beyond a reasonable doubt. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). If an appellant alleges on appeal a "facially plausible claim" that could have been alleged in a motion for new trial, the error is not harmless beyond a reasonable doubt. *Id.* at 912 (citing *Prudhomme*, 28 S.W.3d at 120–21). Because appellant's pro se motions allege reasonable factual grounds, the error is not harmless in this case and the proceedings should be restored in the trial court for appellant to pursue an appeal with the assistance of counsel.

**Issue Two: The trial court erred in failing to grant a hearing on a motion for new trial.**

In the event that this Court does not find a Sixth Amendment violation, then it should determine that Mr. Washington's efforts as an unrepresented indigent inmate effectively preserved his right to a hearing on a motion for new trial.

As established by the Court of Criminal Appeals, the purposes of a new trial hearing are (1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal. Such a hearing is not an absolute right. But a trial judge abuses his discretion in failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

The appellant timely filed a motion for new trial, entitled "Post-Judgment Hearing Conference Requested on Defendant's Motions to Alter or Amend the Judgment or Alternatively Request to Withdraw Guilty Plea Due to Misunderstanding of Terms." (C.R. at 48). Such a document is considered "functionally indistinguishable" from a motion for new trial "irrespective of the label or terms used in the motion." *State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992).

To be entitled to a hearing, a new-trial motion must be supported by an affidavit specifically setting out the factual basis for the claim. If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief

16

claimed, no hearing is required. But a supporting affidavit need not establish a prima facie case, or even reflect every component legally required to establish relief. *Washington v. State*, 394 S.W.3d 39, 43 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). Rather, it is sufficient if a fair reading of the affidavit gives rise to reasonable grounds in support of the claim. *Id.*

The substance of appellant's motion sets out coherent facts alleging that his plea was involuntary due to 1) previously unknown collateral consequences of the plea 2) a mistaken belief that his plea would result in a misdemeanor conviction, and 3) the fact that any residual substance in the drug paraphernalia should not sustain a conviction for cocaine. (C.R. at 48-50). These allegations amount to reasonable grounds—outside of the record—to support the motion and therefore requiring a hearing. *See e.g., Daniels v. State*, 63 S.W.3d 67 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding hearing required where defendant described reasons why he would not have pled true to state's allegations if trial counsel had correctly advised him).

Moreover, the appellant's verification "under penalty for perjury" meets the additional technical requirements. To obtain an evidentiary hearing on a motion for new trial, it must be accompanied by an affidavit or verification which is permitted to be in substantially the same form as set out in Tex. Civ. Prac. & Rem. Code § 132.001. *Green v. State*, 264 S.W.3d 63, 67 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). "[A]n unsworn declaration may be used in lieu of a written sworn declaration, verification,

17

certification, oath, or affidavit required by statute ...." Tex. Civ. Prac. & Rem. Code § 132.001(a).

Such a declaration must be in writing and must be subscribed as true under penalty of perjury. A template jurat appears in the code. The statute requires a jurat to appear in "substantially" the same form as the template jurat before an unsworn declaration becomes operative. *Id.* As this Court recently held, "The inclusion of the phrase 'under penalty of perjury' is the key to allowing an unsworn declaration to replace an affidavit." *Dominguez v. State*, 441 S.W.3d 652, 658 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Therefore, the simple jurat at the bottom of page three of appellant's motion is sufficient.

Appellant also substantially complied with the presentation requirement under Tex. Rule App. Proc. 21.6. The term presentment is neither legislatively defined nor is it defined in the Texas Rules of Appellate Procedure. The Court of Criminal Appeals has stated, "[T]he term 'present'… means the record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court. This may be accomplished in several ways such as, for example, obtaining the trial court's ruling on a motion for new trial." *Carranza v. State*, 960 S.W.2d 76 (Tex. Crim. App. 1998).

The presentment requirement expresses a general policy that a trial court should not be reversed on a matter that was never brought to its attention. Likewise, it is

incumbent upon a trial court not to shield itself from communications with indigent prisoners. Trial courts have a duty to "insure that inmate access to the courts is adequate, effective, and meaningful." *In re Bonilla*, 424 S.W.3d 528, 531 (Tex. Crim. App. 2014). In this case, appellant did everything possible as an indigent person in custody to notify the trial court of his filings. To hold otherwise would result in a discriminatory application of the law in violation of due process, equal protection, and the constitutional right of access to the courts.

While Texas case law has shed little light on what exactly presentation entails, the Court of Criminal Appeals consistently has held that the filing of a motion for new trial alone is not sufficient to show presentment. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). Even though he was in custody and could only communicate with the court via mail, Mr. Washington did take further steps past simply filing the motion.

First, he accompanied his motions with a letter addressed directly to the court clerk by name, stating, "Dear Mister Jones, I need you to please set the enclosed motion for a hearing on the 10th of July 2014…" (C.R. at 46). Second, a letter addressed directly to the judge was also file-stamped the same day, stating, "Dear Judge Cabanest [sic], Please excuse my unethical correspondence being addressed directly to you, but I need to get your attention regarding my guilty plea…" (C.R. at 44). Third, the docket sheet contains notations on July 9th stating, "PROSE RQ HRG" and "PROSE RQ APPEAR." (C.R. at 79-80).

The clerk responded directly to appellant at least twice, informing him that the court "took no action" and finally that he could not appeal because he had served his sentence. (C.R. at 40, 56). As an indigent inmate, the appellant acted with an impressive display of persistent professionalism and graciousness in his attempts to communicate with the court, despite the frustrating obstacles he encountered at every turn. The trial court abused its discretion in not holding a hearing on Mr. Washington's motion for new trial.

## PRAYER

FOR THESE REASONS, the Appellant respectfully prays that this Honorable Court abate or remand this case for further proceedings consistent with the appellant's right to counsel on appeal and litigation of a motion for new trial or such other relief as this Court sees fit.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

**/s/ Sarah V. Wood**
**SARAH V. WOOD**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016 (phone)
(713) 368-9278 (fax)
Texas Bar Number 24048898
Sarah.Wood@pdo.hctx.net

## CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that a copy of this Brief for Appellant has been served upon the Harris County District Attorney's Office by electronic delivery to Alan Curry via the e-file system and that this brief has 3,651 words according to the computer program used to draft it.

**/s/ Sarah V. Wood**
**SARAH V. WOOD**
Assistant Public Defender