**Ronald Eugene RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–97–00247–CR.

Court of Appeals of Texas, El Paso.

Oct. 15, 1998.

Spencer W. Dobbs, Odessa, for Appellant.

Tracey Bright, County Atty., Odessa, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

Ronald Eugene Richardson appeals from a conviction for the offense of criminal trespass. The jury found Appellant guilty and assessed punishment at confinement in the county jail for a term of two years, probated for two years, and a fine of $2,000. We affirm.

### DENIAL OF REQUEST FOR JURY SHUFFLE

In his sole point of error, Appellant complains that the trial court denied his timely request for a jury shuffle. The State initially responds that Appellant failed to preserve error and the trial court properly denied the request as untimely. We disagree with both arguments.

After the venire was brought into the courtroom and seated, the trial judge introduced the parties and explained certain legal concepts such as the presumption of innocence, the defendant's right to remain silent and not testify, the burden of proof, the definition of reasonable doubt, and the jury's obligation to determine the credibility of the witnesses and the weight to be given the evidence. He also described the process of voir dire and how the jury would be picked. Before concluding his remarks, the trial judge explained the elements of the charge against Appellant, and he asked whether all of the veniremembers could consider the full range of punishment, including probation. At that point, defense counsel asked to approach the bench. Although the conference was not transcribed by the court reporter, the trial court later stated on the record that Appellant had requested a jury shuffle after the court gave its instructions but before the State began its voir dire. The court denied the request as untimely.[1]

■ We will first address the State's argument that Appellant failed to preserve error because he did not ensure that the bench conference was transcribed by the court reporter. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion, and the trial court ruled on the request, objection, or motion. Tex.R.App.P. 33.1(a)(1) and (2). The State suggests that it is unclear whether defense counsel had reference to this particular bench conference or some other proceeding. Regardless of the clarity of counsel's question, the trial court understood him to be asking about the particular bench conference where a jury shuffle had been requested. While the conference itself was not contemporaneously recorded, the trial court's description of what occurred at that conference and his ruling is adequate to show that Appellant requested a jury shuffle before the State began its voir dire examination. This satisfies Rule 33.1's requirement that the record show the complaining party presented his complaint to the trial court and obtained an adverse ruling. A determination of whether this request was timely requires an examination of case law interpreting Article 35.11 of the Texas Code of Criminal Procedure.[2]

---

1. Near the conclusion of voir dire, defense counsel asked the court reporter whether she had transcribed the earlier bench conference. When she responded that she had not, the trial court made the following statement: "For the record, after I had already instructed the jury, [defense counsel] asked to shuffle the jury. I denied that motion as not being properly filed at that time. [Defense counsel] takes the position that because [the prosecutor] had not already started the voir dire, he had done it at a proper time. I overruled his request on a motion to shuffle."

2. Article 35.11 provides: "The trial judge, on the demand of the defendant or his attorney, or of the State's counsel, shall cause a sufficient number of jurors from which a jury may be selected to try the case to be randomly selected from the members of the general panel drawn or assigned as jurors in the case. The clerk shall randomly

By virtue of Article 35.11, a defendant, counsel for the defendant, or counsel for the State has the right to demand that the trial judge shuffle the names of the prospective jurors for trial. This has often been described as an absolute right, provided a timely demand is made. *See e.g., Sanders v. State,* 942 S.W.2d 3, 3–4 (Tex.Crim.App. 1997); *Jones v. State,* 833 S.W.2d 146, 147 (Tex.Crim.App.1992); *Wilkerson v. State,* 681 S.W.2d 29, 30 (Tex.Crim.App.1984); *Latham v. State,* 656 S.W.2d 478, 479 (Tex.Crim.App. 1983); *Smith v. State,* 648 S.W.2d 695, 696 (Tex.Crim.App.1983). A motion to shuffle is untimely if presented after voir dire has commenced. *Davis v. State,* 782 S.W.2d 211, 214 (Tex.Crim.App.1989). For purposes of Article 35.11, voir dire commences in a noncapital case when the State begins its examination of the prospective jurors, not when the judge begins his or her initial instructions. *Davis,* 782 S.W.2d at 214; *Williams v. State,* 719 S.W.2d 573, 577 (Tex.Crim.App. 1986); *see* Tex.Code Crim.Proc.Ann. art. 35.17 (Vernon 1989). Here, Appellant's request for a shuffle was made after the trial judge began his initial instructions but before the State's counsel commenced her voir dire examination of the venire. Thus, it was timely.

Denial of a timely request for a jury shuffle has consistently been held to be automatic reversible error, not subject to a harm analysis.[3] *See e.g., Ex parte Daigle,* 848 S.W.2d 691, 692 (Tex.Crim.App.1993); *Jones,* 833 S.W.2d at 147–48; *Yanez v. State,* 677 S.W.2d 62, 69 (Tex.Crim.App.1984). This treatment of the error has been undercut not only by the adoption of Tex.R.App.P. 44.2, but by the admonishment in *Cain v. State*

that an appellate court may not automatically foreclose entire categories of non-structural error from harmless error review merely because such errors may generally resist a meaningful harmless error determination. *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim. App.1997). *But see Ford v. State,* 977 S.W.2d 824 (Tex.App.—Fort Worth 1998, no pet. h.)(not yet reported)(holding that denial of requested jury shuffle is automatic reversible error under Rule 44.2(b) because harm is difficult to ascertain).

The standards for determining whether an error is harmful are found in Tex.R.App.P. 44.2. Rule 44.2(a), which amends former Rule 81(b)(2) to limit its standard of review to constitutional errors, provides that: "[t]he court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex.R.App.P. 44.2(a); Tex.R.App.P. 44, notes and cmts. For all other errors, we must apply Subsection (b) which provides: "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex.R.App.P. 44.2(b). Rule 44.2(b) is new and is taken from Federal Rule of Criminal Procedure 52(a) without substantive change. Tex.R.App.P. 44, notes and cmts. Constitutional provisions bear on the selection of a jury for the trial of a criminal case. *Jones v. State,* 982 S.W.2d 386, 391 (Tex.Crim.App.1998). The Sixth Amendment guarantees an accused the right to a trial by an impartial jury. *Id.* However, this right is not violated by every error occurring during voir dire. *Id.* Further, the

select the jurors by a computer or other process of random selection and shall write or print the names, in the order selected, on the jury list from which the jury is to be selected to try the case. The clerk shall deliver a copy of the list to the State's counsel and to the defendant or his attorney." Tex.Code Crim.Proc.Ann art. 35.11 (Vernon Supp.1998).

**3.** Just as consistently, however, a defendant has been required to establish harm resulting from noncompliance with other statutory jury selection procedures in order to obtain reversal. *See Cooks v. State,* 844 S.W.2d 697, 726–27 (Tex.Crim.App.1992)(alleged noncompliance with various statutory requirements for selection

of jury panels); *Lewis v. State,* 815 S.W.2d 560, 563 (Tex.Crim.App.1991), *cert. denied,* 503 U.S. 920, 112 S.Ct. 1296, 117 L.Ed.2d 519 (1992)(alleged noncompliance with jury selection procedures established by Chapter 62 of the Government Code); *Neal v. State,* 689 S.W.2d 420, 424 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985)(unauthorized excusing of jurors by the district clerk); *Esquivel v. State,* 595 S.W.2d 516, 523 (Tex.Crim.App. 1980), *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980)(unauthorized excusing of jurors). The basis for this discrepancy in the treatment of similar errors is not clear.

right to have the names of the members of the jury panel shuffled or redrawn is created by statute and is not of constitutional dimension. *Yanez*, 677 S.W.2d at 68. Consequently, Rule 44.2(b) is the applicable standard for determining whether this error is reversible.

■ Ordinarily, Rule 44.2(b) requires us to examine error in relation to the entire proceeding and determine whether it had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997), *citing Kotteakos v. U.S.*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)(discussing Rule 52(a) of the Federal Rules of Criminal Procedure). *See also O'Neal v. McAninch*, 513 U.S. 432, 437, 115 S.Ct. 992, 995, 130 L.Ed.2d 947 (1995). If the record fails to show that the error had such an impact, it cannot be said to affect a substantial right, and therefore, we are mandated to disregard the error. Examining trial errors, such as the erroneous admission of evidence or improper jury argument, for their probable impact on the jury's verdict is a logical and, for the most part, straightforward process. *See e.g., King*, 953 S.W.2d at 271 (improper admission of evidence); *Ramirez v. State*, 976 S.W.2d 219 (Tex.App.—El Paso 1998, pet. ref'd)(improper exclusion of evidence); *Umoja v. State*, 965 S.W.2d 3, 11 (Tex.App.—Fort Worth 1997, no pet.)(noncompliance with Rule 404(b)'s notice provision); *Holmes v. State*, 962 S.W.2d 663, 675 (Tex.App.—Waco 1998, pet. ref'd untimely filed)(improper jury argument); *White v. State*, 958 S.W.2d 460, 465 (Tex.App.—Waco 1997, no pet.)(error in exempting witness from "the Rule"). The denial of the right to a jury shuffle, as is true of any jury selection error, does not lend itself to this particular analysis because the impact of the error is not easily related to the jury's verdict. This fact is implicitly recognized in prior decisions

which instead inquire whether non-compliance with certain jury selection procedures compromised the fairness of the defendant's trial. *See Cooks*, 844 S.W.2d at 726–27 (in order to establish harm resulting from non-compliance with prescribed jury selection procedures, the record must show that the error compromised the fairness of his trial); *Lewis*, 815 S.W.2d at 563 (same as *Cooks*). Since the purpose of a jury shuffle, whether requested by the State or defendant, is to insure that the panel is seated in a random order, *Urbano v. State*, 760 S.W.2d 33, 39 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), any harm resulting from its denial will more logically be related to the fairness of the voir dire process and the ultimate composition of the jury. Thus, we conclude that in order to show harm under Rule 44.2(b), the record must establish that denial of a jury shuffle denied the defendant a fair and impartial jury or otherwise compromised the fairness of his trial.[4] *See Jones*, 982 S.W.2d at 391 (in order to establish harm resulting from erroneous granting of State's challenge for cause, the record must show that the error deprived the defendant of a lawfully constituted jury).

■ Appellant did not allege or attempt to establish in the trial court that the eighteen member panel was seated in anything other than a random order, and we have found nothing in the record to indicate otherwise. The voir dire examination by both the State and Appellant was brief but thorough and neither party made any challenges for cause. Through his voir dire examination, Appellant learned that eight of the eighteen veniremembers had been victims of crime, and most of the eight were seated in the first two-thirds of the panel. Only Daniel Bilano (Juror No. 10), expressed any kind of bias resulting from his experience as a crime victim, but his comment did not subject him to a challenge for cause. Appellant used one of

**4.** In *Ford*, the Fort Worth Court of Appeals declined to perform a harm analysis. Instead, the Court simply found that because the right to a jury shuffle is an *important* right, it is necessarily a "substantial right" within the meaning of Rule 44.2(b), so that its violation will always result in reversible error regardless of whether harm is shown. In other words, *Ford* adheres to the former rule that this is automatic reversible error. In our view, not only is this contrary to *Cain's* admonishment that an appellate court may not refuse to conduct a harm analysis for certain categories of error, it reflects a fundamental misunderstanding of the analysis required by Rule 44.2(b). We decline to follow *Ford's* approach.

**458**

his peremptory challenges against Bilano. Voir dire examination also revealed that Thelma Johnson (Juror No. 5) had some initial difficulty with the concept of the defendant's right to not testify at trial, but she did not prove to be challengeable for cause so Appellant exercised a peremptory challenge against her. Appellant makes no claim that as a result of the denial of his request for a jury shuffle, the jury was biased or prejudiced against him or that he was deprived of a lawfully constituted jury. Moreover, the record does not support a conclusion that the lack of a jury shuffle compromised the fairness of Appellant's trial. No legitimate purpose would be served by remanding the case for a new trial before another impartial jury. Because we are unable to conclude that a substantial right was affected, the error must be disregarded. Tex.R.App.P. 4.2(b).

Accordingly, Point of Error No. One is overruled. Having overruled Appellant's sole point of error, the judgment of conviction is affirmed.