TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00256-CR







Gregoria Estela Chavez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WEBB COUNTY, 49TH JUDICIAL DISTRICT


NO. 98CRD415, HONORABLE PHIL CHAVARRIA, JUDGE PRESIDING







 Appellant Gregoria Estela Chavez was convicted of the offense of possession of
monoacetylmorphine. See Tex. Health & Safety Code Ann. §§ 481.102(2), .115 (West Supp.
2000). The trial court assessed appellant's punishment at imprisonment for ten years. Imposition
of sentence was suspended, and appellant was granted community supervision. Appellant asserts
that the trial court erred in allowing amendment of the indictment and in disallowing a defense
request for a jury shuffle. We will overrule appellant's points of error and affirm the judgment.

 In her first point of error, appellant urges that the "trial court erred when it granted
the State's Motion to Amend Indictment on the day of trial because it charged appellant with a
different offense in violation of Tex. Code Crim. Proc. Ann. art. 28.10(c) and this was prejudicial
to appellant's substantial rights."


 The Code of Criminal Procedure provides:


Art. 28.10. Amendment of indictment or information


 (a) After notice to the defendant, a matter of form or substance in an
indictment or information may be amended at any time before the date the trial on
the merits commences. On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if requested by the defendant,
to respond to the amended indictment or information.


 (b) A matter of form or substance in an indictment or information may also
be amended after the trial on the merits commences if the defendant does not
object.


 (c) An indictment or information may not be amended over the defendant's
objection as to form or substance if the amended indictment or information charges
the defendant with an additional or different offense or if the substantial rights of
the defendant are prejudiced.



Tex. Code Crim. Proc. Ann. art. 28.10 (West 1989).

 Appellant was indicted for possession of heroin. On December 28, 1998, the State
filed and served on appellant's counsel a motion to amend the indictment to show appellant
possessed monoacetylmorphine rather than heroin. On February 22, 1999, the day of trial, the
trial court signed an order allowing the amendment of the indictment and amended the indictment
itself. Appellant's counsel objected to the amendment on grounds that changing the allegation
from heroin to monoacetylmorphine was a substantive change that could only be done by a grand
jury. The trial court offered to allow the defense ten more days to prepare for trial. However,
appellant herself demanded a "trial right now. Today." and continued to insist that she be tried
that day.

 On appeal, appellant complains that the amendment of the indictment resulted in
charging her with a different offense prejudicial to her substantial rights. The Court of Criminal
Appeals has held that a "different offense" as used in Article 28.10(c) "means a different statutory
offense." Flowers v. State, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991). Heroin and
monoacetylmorphine are both opium derivatives included in the same penalty group of the
Controlled Substance Act. See Tex. Health & Safety Code Ann. § 481.102(2) (West Supp. 2000). 
The amendment of the indictment did not result in charging the appellant with a "different
offense."

 The supervisor of the Texas Department of Public Safety Crime Laboratory in
Laredo testified that monoacetylmorphine is a chemical compound formed when black-tar heroin
is incorrectly processed. In this case, the witness testified the heroin was heated too long and the
heroin hydrolyzed into monoacetylmorphine. The substance possessed by appellant was a mixture
of heroin and monoacetylmorphine, but for the most part it was monoacetylmorphine. Appellant
fails to explain how the amendment of the indictment prejudiced her substantial rights. We hold
that the amendment of the indictment did not prejudice the substantial rights of appellant. 
Appellant's first point of error is overruled.

 In her second point of error, appellant insists that the trial court committed
reversible error, depriving her of a lawfully constituted jury by disallowing defense counsel's
timely request for a jury shuffle. Immediately after the court qualified the jury and instructed the
prosecutor to proceed, but before the State commenced voir dire, defense counsel requested a jury
shuffle. The trial court denied the request for a jury shuffle, ruling the request untimely. The
defense counsel's timely and specific request for a jury shuffle should have been granted. See
Williams v. State, 719 S.W.2d 573, 577 (Tex. Crim. App. 1986); Richardson v. State, 981
S.W.2d 453, 456 (Tex. App.--El Paso 1998, pet. ref'd); Montez v. State, 975 S.W.2d 370, 371
(Tex. App.--Dallas 1998, no pet.). The trial court erred in denying appellant's request for a jury
shuffle.

 After a jury panel assigned to a case has been seated, either the defense or the State
upon timely request is entitled to a random shuffle of the prospective jurors and revision of the
jury list. See Tex. Code Crim. Proc. Ann. art. 35.11 (West Supp. 2000). It has long been held
that a trial court's denial of a timely requested jury shuffle would result in automatic reversal not
requiring a harm analysis. See, e.g., Davis v. State, 573 S.W.2d 780, 781 (Tex. Crim. App.
1978); Adams v. State, 99 S.W. 1015, 1015-16 (Tex. Crim. App. 1907); Scott v. State, 805
S.W.2d 612, 614 (Tex. App.--Austin 1991, no pet.); see also Chappell v. State, 850 S.W.2d 508,
509-13 (Tex. Crim. App. 1993).

 Recently, several courts of appeals have conducted a non-constitutional harmless
error analysis to determine whether error in denying a jury shuffle was reversible error. Other
than constitutional error, any error, defect, irregularity, or variance that does not affect substantial
rights must be disregarded. See Tex. R. App. P. 44.2(b). (1) Except for certain structural federal
constitutional errors, no error is categorically immune to harmless error analysis. Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

 In applying the non-constitutional harmless error rule, the Second Court of Appeals
reversed a trial court's judgment, holding that because an appellate court could not determine
whether jury shuffle error resulted in a substantial or injurious effect on the jury's verdict, it
would not disregard the error as harmless. See Ford v. State, 977 S.W.2d 824, 829 (Tex.
App.--Fort Worth 1989, pet. granted). On March 31, 1999, the State's petition for discretionary
review of Ford was granted, but no decision has yet been delivered by the Court of Criminal
Appeals.

 The Fifth Court of Appeals affirmed a conviction holding that an erroneous denial
of a defendant's timely jury shuffle request was subject to non-constitutional harmless error
analysis. See Montez, 975 S.W.2d at 372-75. The Eighth Court of Appeals has also held that the
erroneous denial of a defendant's timely request for a jury shuffle was subject to a non-constitutional harmless error analysis and affirmed the trial court's judgment. See Richardson,
981 S.W.2d at 456.

 Like the Dallas and the El Paso Courts, we hold that the erroneous denial of a
timely jury shuffle request requires a non-constitutional harm analysis. Appellant contends that
the trial court's refusal to grant appellant's timely jury shuffle request deprived her of a lawfully
constituted jury and was "automatic reversible error." Appellant has not made any argument
concerning a harm analysis.

 The purpose of the statutory jury shuffle rule is to ensure a randomly selected list
of jurors. See Jones v. State, 833 S.W.2d 146, 148 (Tex. Crim. App. 1992); Montez, 975
S.W.2d at 373. The inquiry into non-compliance with jury selection procedures is whether the
procedure used compromised the fairness of a defendant's trial. See Richardson, 981 S.W.2d at
457; see also Jones v. State, 982 S.W.2d 386, 391-94 (Tex. Crim. App. 1998); Cooks v. State,
844 S.W.2d 697, 726-27 (Tex. Crim. App. 1992); Lewis v. State, 815 S.W.2d 560, 563 (Tex.
Crim. App. 1991). In this case, there is no indication that the jury panel was not randomly
selected and seated. (2) Although not included in the clerk's record, the court reporter's record
shows the names of the jurors who were sworn and served. The court reporter's record also
shows that after the verdict was returned, the jury was polled and each serving juror was called
by name. The record does not include lists showing how many, if any, panel members were
peremptorily challenged by either appellant or the State. During jury voir dire, two jurors were
dismissed for cause on the State's challenge. However, appellant did not object to the State's
challenges for cause. Review of the record does not show that the jury panel was "stacked"
against appellant or that appellant was deprived of a randomly selected jury panel. There is
nothing to indicate that appellant was harmed by the error in refusing the requested jury shuffle. 
Review of the record fails to show that the error in denying appellant's requested jury shuffle
compromised the fairness of appellant's trial. Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally*

Affirmed

Filed: July 27, 2000

Do Not Publish






























* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. It is clear that error in denying a jury shuffle is not constitutional error. See Yanez v.
State, 677 S.W.2d 62, 68 (Tex. Crim. App. 1984); Richardson, 981 S.W.2d at 456-57; Montez,
975 S.W.2d at 373.
2. The clerk's list of jury panel members is not in the record. Although not admitted in
evidence, the court reporter has included as "Reporter's Exhibit 1" a "Jury Panel" list. The list
includes forty names that are not in alphabetical order. Even if we were authorized to consider
this exhibit, there is nothing to suggest that its members were anything other than randomly
selected.



t-family: CG Times"> Lik