COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ROGER BORREGO,                                            )

                                                                              )             
No.  08-04-00273-CR

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )      
248th Criminal District Court

THE STATE OF TEXAS,                                     )

                                                                              )          
of Harris County, Texas

Appellee.                           )

                                                                              )                   (TC# 964682)

                                                                              )

 

 

O
P I N I O N

 

Roger Borrego
appeals his conviction of indecency with a child, enhanced by a prior felony
conviction.  A jury found Appellant
guilty of and assessed his punishment at a $5,000 fine and imprisonment for a
term of 75 years.  We affirm.

                                                          FACTUAL
SUMMARY

From 1999 until
2003, K.S. lived with her mother, P.S., and step-father, Tony Borrego.  Appellant, who is Tony=s
brother, sometimes lived with them.  In
January of 2003, P.S. had to leave K.S. with Tony and Appellant while she was
in jail.  Upon her release from jail in 








mid-January, P.S. took K.S. from
the Borregos and went to a shelter.  K.S.
subsequently went to stay with her aunt Frances while P.S. went to a different
shelter.  During this same time period,
P.S. resumed her relationship with Tony and she later began living on the
streets.  In March or April of 2003,
eight-year-old K.S. made an outcry that Appellant, Tony Borrego, and her 

step-grandfather, Martin Borrego,
had molested her.[1]  K.S. told a forensic interviewer at the
Children=s
Assessment Center in Houston that Appellant had touched her Aprivate@
on top of her clothing while in a store and in the truck.  He also made her touch his Aprivate.@  The molestation began when K.S. was six and
had taken place on more than one occasion. 
At trial, K.S. testified that Appellant touched her Aprivate part@
with his hand.  With the aid of an
anatomically correct doll, K.S. indicated that by Aprivate
part@ she
meant genitals.  Appellant moved his hand
when he touched her and sometimes put his fingers inside of her private part
causing her pain.  Appellant also touched
her Abottom.@

On September 12,
2003, Wade Head, a Houston police officer assigned to the Children=s Assessment Center, interviewed
Appellant.  Appellant admitted to Officer
Head in the recorded interview that he had touched K.S.=s
Afront@
both over and under the clothes.  He also
knew that Tony was abusing K.S. 
Consistent with K.S.=s
allegations, Appellant admitted that he had touched K.S. while they were in the
truck and while in a store.

The jury found
Appellant guilty of engaging in sexual contact with K.S. by touching her
genitals with the intent to arouse and gratify his sexual desire.  The jury also found that Appellant had
previously been convicted of delivery of cocaine and assessed his punishment at
a fine of $5,000 and imprisonment for a term of 75 years.  

                                                      RECORDED
STATEMENT








In Point of Error
One, Appellant contends that his recorded statements were involuntary, and
therefore, should not have been admitted into evidence.  The trial court conducted a hearing on
Appellant=s motion
to suppress his statements prior to trial. 
The court excluded extraneous offenses mentioned during the taped
interview but denied the suppression motion. 
When the State offered the taped interview into evidence, Appellant=s attorney replied that she had
previously listened to the tape and had no objections to its admission.  

As a prerequisite
to presenting a complaint for appellate review, the record must demonstrate
that the complaint was made to the trial court by a timely request, objection,
or motion, and the trial court ruled on the request, objection, or motion.  Tex.R.App.P.
33.1(a)(1) and (2); Richardson v. State, 981 S.W.2d 453, 455 (Tex.App.‑-El
Paso 1998, pet. ref=d).  When a pretrial motion to suppress is denied,
the accused need not object to the admission of the same evidence again at
trial.  Dean v. State, 749 S.W.2d
80, 83 (Tex.Crim.App. 1988); Traylor v. State, 855 S.W.2d 25, 26
(Tex.App.-‑El Paso 1993, no pet.). 
However, when the accused affirmatively asserts that he has Ano objection@
to the admission of the complained-of evidence, he waives any error in the
admission of the evidence despite the pretrial ruling.  Dean, 749 S.W.2d at 83; Traylor,
855 S.W.2d at 26.  By stating that he had
no objection to admission of the taped statement, Appellant waived his
complaints.  Point of Error One is
overruled.

                                               SUFFICIENCY
OF THE EVIDENCE








In Points of Error
Two through Five, Appellant challenges the legal and factual sufficiency of the
evidence supporting his conviction.  More
specifically, in Points of Error Two and Three, Appellant contends that the
complainant was not credible because there were no witnesses, no medical
evidence, and P.S. did not believe her daughter.  In Points of Error Four and Five, he asserts
that the evidence is insufficient because it does not show Askin to skin@
contact.

                                                              Standards
of Review

In reviewing the
legal sufficiency of the evidence to support a criminal conviction, we must
review all the evidence, both State and defense, in the light most favorable to
the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19,
99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820
S.W.2d 154, 159 (Tex.Crim.App. 1991), overruled on other grounds, Paulson v.
State, 28 S.W.3d 570 (Tex.Crim.App. 2000). 
This familiar standard gives full play to the responsibility of the trier
of fact fairly to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic to ultimate facts.  Jackson, 443 U.S. at 319, 99 S.Ct. at
2789, 61 L.Ed.2d at 573.  We do not
resolve any conflict of fact or assign credibility to the witnesses, as it was
the function of the trier of fact to do so. 
See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson
v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is only to determine if both
the explicit and implicit findings of the trier of fact are rational by viewing
all of the evidence admitted at trial in a light most favorable to the
verdict.  Adelman, 828 S.W.2d at
421-22.  In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict.  Matson, 819 S.W.2d at 843.  Further, the standard of review is the same
for both direct and circumstantial evidence cases.  Geesa, 820 S .W.2d at 158.








In reviewing
factual sufficiency of the evidence to support a conviction, we are to view all
the evidence in a neutral light, favoring neither party.  Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Clewis v. State, 922 S.W.2d 126, 129
(Tex.Crim.App. 1996).  The question to be
answered is whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  See Zuniga v. State,
144 S.W.3d 477, 484 (Tex.Crim.App. 2004). 
The evidence may be factually insufficient in two ways:  (1) when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt; and (2) there may be both evidence supporting the verdict and
evidence contrary to the verdict.  Id.
at 484-85.  Thus, weighing all the
evidence under this balancing scale, the contrary evidence may be strong enough
that the beyond‑a‑reasonable‑doubt standard could not have
been met, so the guilty verdict should not stand.  Id. at 485.  This standard acknowledges that evidence of
guilt can Apreponderate@ in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.  Id. 
Stated another way, evidence supporting guilt can Aoutweigh@
the contrary proof and still be factually insufficient under a beyond‑a‑reasonable‑doubt
standard.  Id.

                                                           Elements
of the Offense

The State was
required to prove beyond a reasonable doubt that Appellant engaged in sexual
contact with K.S. by touching her genitals with intent to arouse and gratify
his own sexual desire.  Tex.Pen.Code Ann. ' 21.11(a)(Vernon 2003).  Contrary to Appellant=s
assertion that sexual contact requires Askin
to skin@ contact
in order to sustain an indecency with a child conviction, the Penal Code
defines Asexual
contact@ to mean:

[T]he following acts, if committed with
the intent to arouse or gratify the sexual desire of any person:

 

(1)        any touching by a person, including
touching through clothing, of the anus, breast, or any part of the genitals of
a child . . . .

 

Tex.Pen.Code
Ann. '
21.11(c)(1).








                                                                Legal
Sufficiency

In reviewing the
legal sufficiency of the evidence, we do not consider the credibility of the
complainant as that was a matter for the jury to assess.  Instead, we consider the evidence in the
light most favorable to the verdict and determine whether there is legally
sufficient evidence to support each element of the offense beyond a reasonable
doubt.  K.S. provided significant detail
in her interview and testified consistently at trial that Appellant had touched
her genitals with his hand and had inserted his finger in her vagina.  This touching occurred both over and under
her clothing.  The testimony of a sexual
abuse victim alone is sufficient to support a conviction.  Garcia v. State, 563 S.W.2d 925, 928
(Tex.Crim.App. 1978).  Appellant
effectively corroborated K.S.=s
allegations in his taped statement and even confirmed that the abuse had
occurred both in the truck and in a store as reported by the complainant.  Appellant told the interviewer that he had
touched K.S. both over and under her clothes and he had rubbed her vagina.  Taken in the light most favorable to the
verdict, the evidence is legally sufficient to sustain Appellant=s conviction.

                                                               Factual
Sufficiency

It was the jury=s task to weigh the evidence and
evaluate the credibility of all the witnesses. 
There is no requirement that the State corroborate the child victim=s testimony with medical or physical
evidence.  Appellant=s own confession supported K.S.=s accusations against him and his brother.  We find the evidence factually sufficient to
prove that Appellant engaged in sexual contact with K.S. by touching her
genitals.  Points of Error Two through
Five are overruled.

 








We affirm the
judgment of the trial court.

 

 

 

August
18, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Criminal charges were also filed against Tony Borrego and his father, Martin
Borrego.  Tony Borrego entered  a plea of guilty, but Martin Borrego died
prior to his trial.