COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS
 
)
CESAR AGUILAR,                                         )                  No. 08-04-00241-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  41st District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020D05711)

O P I N I O N
 Cesar Aguilar appeals his conviction of aggravated sexual assault claiming the trial court
erred in denying his motion to suppress. Finding no error, we affirm the judgment of the trial court. 
                                                     FACTUAL BACKGROUND
            On February 17, 2002, Amparo Pimentel was returning home from a party when she was hit
from behind by another vehicle. At the time, Pimentel had reached the parking lot of her mother’s
apartment complex. She exited her vehicle to inspect the damage. She noticed there was a scrape
on the passenger side of her vehicle and told the other driver that she needed his insurance
information. The driver then got out of his car, apologized, and asked Pimentel for a pen. When she
reached inside her car, the driver pushed her from behind and began to choke her. He then stuck his
hands down her pants and began to touch her. Pimentel was eventually able to free her left hand and
began honking the horn with the hope that someone in the complex would hear or see what was
happening. The attacker began to punch her in the face and as Pimentel continued to fight, she was
able to look at him. Appellant told her, “Don’t look at me. Don’t look at me,” and then proceeded
to push in her left eye. Pimentel continued to honk the horn and scream. Eventually, her mother
came outside and the assailant ran back to his car and left the parking lot. 
            A few weeks later, on March 1, 2002, Jessica Hernandez was returning home after dropping
a friend at her home. After she was bumped from behind, Hernandez got out of her car to assess the
damage and saw the other driver outside of his vehicle. He apologized for hitting her car. He then
pushed her into her car, began to punch and choke her, and inserted his fingers into her vagina. 
            Appellant was arrested and indicted in cause number 20020D05711 for aggravated sexual
assault against Jessica Hernandez and in cause number 20020D05622 for attempted aggravated
sexual assault against Amparo Pimentel. These cases were tried together and a jury found Appellant
guilty of aggravated assault against Hernandez and attempted aggravated sexual assault against
Pimentel. The jury assessed punishment of twenty years in the Texas Department of Criminal
Justice Institution Division and a fine of $10,000 in each case. The sentences were to run
concurrently.
VOLUNTARINESS OF CONFESSION
            In his sole point of error, Appellant complains that his motion to suppress was denied.


 He
contends that his will was overborne by police conduct and, based on the totality of the
circumstances, his confession was involuntary. Appellant raises several factors for our
consideration. For the reasons that follow, we conclude that complaints concerning three of these
factors have been waived.
Preservation of Error
            Appellant suggests that we should consider the arrest warrant and photo line up as factors
indicating his will was overborne. He argues that the police improperly obtained an arrest warrant
because the only evidence to support its issuance was a photo identification by Pimentel. He then
claims the photo line up was improper because the police only had one witness who could place
Appellant at the same night club Hernandez had visited the night she was attacked. Finally, he
points to the urgency which compelled the police to quickly solve the crime. 
            In order to preserve error for appeal, a defendant must present a request, motion, or objection
with sufficient specificity to make the trial court aware of the complaint. Tex.R.App.P. 33.1(a)(1);
and (2) Richardson v. State, 981 S.W.2d 453, 455 (Tex.App.--El Paso 1998, pet. ref’d). A motion
to suppress is a specialized objection to the admission of evidence. Porath v. State, 148 S.W.3d 402,
409-10 (Tex.App.--Houston [14th Dist.] 2004, no pet.); Bradley v. State, 960 S.W.2d 791, 800
(Tex.App.--El Paso 1997, pet. ref’d). An appellant fails to preserve error if the objection made at
trial differs from the complaint made on appeal. Wilson v. State, 71 S.W.3d 346, 349
(Tex.Crim.App. 2002).
            Appellant did not challenge the validity of the arrest warrant or the photo line up in his
motion to suppress, nor did he object to their admission into evidence. As for his claim that we
should consider police urgency to warn the public and to solve the crime, he has failed to provide
any record references demonstrating that the police were overly zealous to the point of causing his
will to be overborne. See Tex.R.App.P. 38.1(h)(brief must contain clear and concise argument for
contentions made with appropriate citations to authorities and to the record). Inasmuch as these three
issues have been waived, we will not consider them in considering whether the confession was
voluntary.
Totality of Circumstances
            We turn now to Appellant’s contention that his confession was obtained in violation of his
Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, Article I, Sections 9, 10,
and 19 of the State of Texas Constitution, and Chapter 14 and Article 38.21, 38.22, and 38.23 of the
Texas Code of Criminal Procedure. In determining whether a confession is voluntary, we examine
the totality of circumstances surrounding its acquisition of a confession. Scott v. State, 165 S.W.3d
27, 43 (Tex.App.--Austin 2005, pet. ref’d); Licon v. State, 99 S.W.3d 918, 924-25 (Tex.App.--El Paso 2003, no pet.). When the trial court fails to file findings of fact, we review the evidence in
the light most favorable to the trial court’s ruling and we will not reverse absent a clear abuse of
discretion. State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); Licon, 99 S.W.3d at 924. 
Almost total deference must be given to the trial court’s determination of historical facts in a
suppression hearing. Ross, 32 S.W.3d at 856; Licon, 99 S.W.3d at 924. We review de novo the trial
court’s application of the law. Licon, 99 S.W.3d at 924. We may consider in the length of detention;
incommunicado or prolonged interrogation; denial of access to a family member; refusal of a request
to telephone a lawyer or family member; and physical brutality. Pace v. State, 986 S.W.2d 740, 747
(Tex.App.--El Paso 1999, pet. ref’d).
            In support of his argument, Appellant alleges he was detained for over five hours; he was
interrogated for over three hours; he was not fed until he agreed to give his statement; he was not
allowed access to a phone until he completed his statement; and he may not have been taken before
a magistrate and given his warnings. 
            On June 21, 2002, at approximately 7:30 p.m., Appellant was arrested by Detectives Charlie
Ortega and Jesus Pantoja. Detective Ortega read Appellant his Miranda


 warnings while he escorted
Appellant to the patrol car. Detective Ortega then entered the case number, date, and time and
signed the card with his initials. Appellant was taken to the downtown police station while
Detectives Ortega and Pantoja continued their investigation. When the detectives returned at
9:30 p.m., Appellant was waiting in a holding cell. Detective Pantoja spoke with Appellant there. 
Appellant was moved to Detective Pantoja’s cubicle around 11:40 p.m. and again was advised of
his Miranda rights. Detective Pantoja handed Appellant a warning card and asked him to read it
aloud. Appellant read and signed the card. He admitted his involvement in the crimes and agreed
to provide a written statement. This took about an hour and a half. Once the statement was
complete, Appellant had the opportunity to review it, make corrections, and sign it. Appellant made
several corrections, initialed each correction, and then hand wrote additional statements at the end. 
As Detective Pantoja completed the paperwork, Appellant asked if he could make a telephone call.
Detective Pantoja allowed him to use the phone at his desk.
            Detective Ortega witnessed Appellant give his statement. Appellant never requested a lawyer,
never indicated he wanted to terminate the interview, and never stated he changed his mind about
giving a written statement. Detective Pantoja never threatened, coerced, or promised to give
Appellant anything in exchange for his statement. Both detectives testified Appellant was given
food and a soda. 
            Finally, Appellant raises the issue that he may not have been taken before a magistrate prior
to giving his statement. Standing alone, a confession given by a defendant prior to magistration will
not render a confession inadmissible. A defendant must show there is a causal connection between
the delay of appearing before a magistrate and the confession. Jones v. State, 944 S.W.2d 642, 650
n.10 (Tex.Crim.App. 1996); Neumuller v. State, 953 S.W.2d 502, 512 (Tex.App.--El Paso 1997, pet.
ref’d). The confession is admissible as long as the defendant was Mirandized first. Jones, 944
S.W.2d at 650 n.10; Curry v. State, 910 S.W.2d 490, 496 (Tex.Crim.App. 1995). Here, Appellant
read his Miranda warnings aloud, signed the warning card, and indicated to Detective Pantoja that
he was willing to admit his involvement and provide a written statement. 
            Because Appellant has failed to provide us with any evidence showing the duration of his
delay, he has not proven a causal connection. Cantu v. State, 842 S.W.2d 667, 680 (Tex.Crim.App.
1992); Pham v. State, 125 S.W.3d 622, 626-27 (Tex.App.--Houston [1st Dist.] 2003), aff’d, 2005
WL1336931 (Tex.Crim.App. 2005)(defendant has the burden to show causal connection between
delay and confession). Since Appellant received and understood his warnings prior to giving his
written confession, any delay could not have rendered Appellant’s confession involuntary.
            Based upon the totality of circumstances, we must conclude that Appellant’s will was not
overborne. Finding no abuse of discretion, we overrule the sole issue for review and affirm the
judgment of the trial court.

December 15, 2005                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)