COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID CORRAL, | § | |
| | | No. 08-06-00270-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 384th Impact Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20050D04663) |
| | § | |

## O P I N I O N

David Corral, Appellant, appeals his guilty plea, contending that the trial court erred by overruling his motion to dismiss the indictment for want of jurisdiction and by upholding the warrantless search of his home. We affirm.

## BACKGROUND

Corral was charged with unlawful possession of marijuana. Corral filed multiple pretrial motions, including a motion to dismiss for lack of jurisdiction and a motion to suppress evidence. The trial court heard both of these motions and expressly overruled Corral's motion to dismiss the indictment. The trial court did not rule or issue a written order on Corral's motion to suppress evidence. Corral subsequently entered a guilty plea, and then filed a motion for new trial in which he again raised the same lack of jurisdiction arguments that were raised in his motion to dismiss along with evidence not previously presented to the trial court. The trial court considered Corral's arguments and evidence regarding the trial court's lack of jurisdiction and overruled his motion for new trial.

## DISCUSSION

*Jurisdiction and Preservation of Error*

Before reaching the merits of Corral's issues on appeal, we first determine *sua sponte* whether we have jurisdiction to resolve the issues he has raised. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996). Where a defendant has pleaded guilty or *nolo contendere* pursuant to a plea bargain agreement and the punishment assessed does not exceed the agreed punishment, a defendant may only appeal matters that were raised by a written motion filed and ruled on by the trial court, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2)(A) & (B).

In order to preserve an alleged error for our review, the record must show both that the complaint was made to the trial court by a timely request, objection or motion, and that the trial court expressly or implicitly ruled on the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1) & (2)(A); *Richardson v. State*, 981 S.W.2d 453, 455 (Tex. App.–El Paso 1998, pet. ref'd). When an appellant timely makes his complaint by a motion, but the record does not show that the trial court expressly ruled on it, we must determine whether the trial court implicitly overruled the motion. *Gutierrez v. State*, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001). A court's ruling need not be expressly stated if its actions or other statements unquestionably indicate a ruling. *Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995). Failure to obtain an adverse ruling on a motion to suppress waives error. *Dunavin v. State*, 611 S.W.2d 91, 97 (Tex. Crim. App. 1981).

Here, Corral pleaded guilty to possession of marijuana pursuant to a plea bargain agreement and the punishment imposed did not exceed the punishment recommended by the State and agreed to by Corral. TEX. R. APP. P. 25.2(a)(2)(A) & (B). The issues Corral may raise on appeal are therefore restricted to those matters that were raised by a written motion filed and ruled on before trial, and only after obtaining the trial court's permission to appeal. *Id*.

Corral filed two motions that were heard by the trial court in a single proceeding. In his first motion, Corral sought to dismiss the indictment for lack of jurisdiction based upon his assertion that he had not been tried within the time frame mandated under the Interstate Agreement on Detainers Act (IADA). The trial court expressly overruled Corral's motion during the hearing, thus preserving error so that we may consider his first issue on appeal. TEX. R. APP. P. 33.1(a)(1) & (2)(A); *Richardson*, 981 S.W.2d at 455.

The trial court next considered Corral's motion to suppress evidence but never expressly ruled upon the motion during or after the hearing. Indeed, the trial court merely stated at the conclusion of the hearing that it would review the cases cited by counsel and would "get with [them] some time [the next day]." The record is devoid of any trial court order overruling the suppression motion. Nor does the record reflect any further actions or statements by the trial court that would render the issues raised in Corral's suppression motion implicitly overruled or otherwise preserved for appeal. Consequently, because there were no written orders, actions or other statements by the trial court that unquestionably indicate that the trial court made the requisite adverse ruling, either expressly or implicitly, regarding the suppression motion, we find that Corral has failed to preserve error and has waived his second issue on appeal. Appellant's second issue is overruled. *Rey*, 897 S.W.2d at 336; *Dunavin*, 611 S.W.2d at 97; *see Licon v. State*, No. 08-03-00386-CR, 2005 WL 82190, at *1 (Tex. App.–El Paso Jan. 13, 2005, no pet.) (not designated for publication) (defendant pleaded guilty after suppression hearing at which trial court deferred ruling to consider case law to be submitted by defense counsel; because appellate record did not contain an adverse ruling denying defendant's motion to suppress, and because a docket sheet notation that the motion had been denied was deemed inherently unreliable and lacked the formality of orders and judgments, defendant had

3

waived any error and the appeal was dismissed for want of jurisdiction).

*Writ of Habeas Corpus ad prosequendum*

In his sole issue remaining for our consideration, Corral contends that the trial court erred by overruling his motion to dismiss the indictment because the State failed to bring him to trial within 120 days as required under the Interstate Agreement on Detainers Act (IADA). We disagree.

*Facts*

The record on appeal demonstrates that the State petitioned the trial court in the underlying case to issue a writ of habeas corpus *ad prosequendum* to secure custody of Corral from the U.S. Marshal Service for the purpose of a hearing in the underlying case. Pursuant to the State's request, the trial court then ordered that a writ of habeas corpus *ad prosequendum* be issued to secure Corral's presence for the purpose of a hearing and the order stated that Corral would be returned to the Sheriff's custody at the conclusion of all pending cases. The trial court also signed an "Order of Transport" ordering the El Paso County Sheriff to bring Corral to the court for the purpose of a hearing and the order contained a provision that at the conclusion of all pending cases Corral "shall be returned to the custody of the U.S. Marshal Service, El Paso, Texas." A writ of habeas corpus *ad prosequendum* was subsequently issued through the District Clerk's office to the U.S. Marshal's Service, the El Paso County Sheriff, and the El Paso Chief of Police directing them to bring "the body of [Corral] detained in your custody at [U.S. Marshal Service], EL PASO, TEXAS by whatsoever name the said [Corral] may be known, 09:00 a.m. on the 13th day of FEBRUARY, 2006 to do and receive what shall then and there be considered concerning the said [Corral] so detained as aforesaid." The return of service on the copy of the writ that is contained in the record on appeal does not identify where or upon whom the writ was actually served.

4

On August 10, 2006, the trial court heard Corral's motion as well as counsel's arguments that (1) Corral had been convicted in federal court, was in federal custody "across the street" under an article 51.14 (IADA) detainer, (2) that the State had asked to have Corral brought to trial for the underlying case, and (3) that Corral had not been tried within 120 days as of February 10, 2006, when he was transferred into local custody. The State acknowledged that it had petitioned the trial court to issue a writ of habeas corpus *ad prosequendum* and had brought Corral over from Hudspeth County, Texas, but denied that Corral had been secured under an IADA detainer since Corral was in a county jail and was not under prison control. Corral's counsel responded by asserting that Corral did not have to be imprisoned but merely within the custody of another jurisdiction for the IADA to apply. The trial court overruled Corral's motion to dismiss for want of jurisdiction.

Corral pleaded guilty and then filed a motion for new trial. At the motion for new trial hearing, the State explained that Corral had been in the custody of the U.S. Marshal's Service and that Corral had been transferred for the underlying proceedings pursuant to a writ of habeas corpus *ad prosequendum* rather than a detainer because Corral was not incarcerated and was not in the custody of a penal, institutional, or correctional facility. The State argued that the IADA and its mandatory time frames for trying a prisoner were, consequently, inapplicable to Corral.

Corral, in turn, offered for the trial court's consideration an affidavit from Supervising Deputy U.S. Marshal Alejandro Patino, which states that Corral was transferred from the Otero County Prison Facility in New Mexico to the El Paso County Detention Facility on February 10, 2006, the day after the writ of habeas corpus *ad prosequendum* was served. In his affidavit, Deputy U.S. Marshal Patino states that the transfer was made pursuant to "a formal request by the State of Texas" to hold and transfer Corral, and he further notes that he is prohibited by uncited federal

5

regulations from releasing a paper copy of the electronic records due to law-enforcement sensitive information contained therein. During the hearing, Corral's counsel reiterated its contention that Corral had been detained by the State under the IADA. The trial court overruled Corral's motion for new trial.

*Standard of Review*

The denial of a defendant's motion to dismiss an indictment under the IADA is a question of law reviewed *de novo* while the factual findings underlying the decision are reviewed on a clearly erroneous standard. *Johnson v. State*, 900 S.W.2d 475, 479 (Tex. App.–Beaumont 1995) (citing *United States v. Hall*, 974 F.2d 1201, 1204 (9th Cir. 1992)), *aff'd as reformed*, 930 S.W.2d 589 (Tex. Crim. App. 1996).

*Applicable Law*

We find it necessary to the resolution of Corral's issue to consider how a detainer filed in accordance with the IADA differs from the issuance of a writ of habeas corpus *ad prosequendum*. More than 30 years ago, the United States Supreme Court delineated these differences. *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978).

The IADA is a congressionally-sanctioned compact between the United States and the states, which provides the procedure whereby a person who is imprisoned in one state can be expeditiously tried for pending criminal charges in another state or federal jurisdiction while he is serving his current sentence. *Cuyler v. Adams*, 449 U.S. 433, 442, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981); *Birdwell v. Skeen*, 983 F.2d 1332, 1336 (5th Cir. 1993). Texas, New Mexico, and the United States are among the "party states" governed by the terms of the IADA. 18 U.S.C.A., App. 2, pp. 1395-98 (1976 ed.); TEX. CODE CRIM. PROC. ANN. art. 51.14 (Vernon 2006); NMSA 1978, §§ 31-5-12 to 31-

6

5-16; *State v. Votta*, 299 S.W.3d 130, 134-35 (Tex. Crim. App. 2009).

While the term "detainer" is not defined within the IADA, in *Mauro*, the Supreme Court noted that U.S. House and Senate reports reveal that "[a] detainer is a *notification* filed with the institution in which a prisoner is serving a sentence, advising that [the prisoner] is wanted to face pending criminal charges in another jurisdiction." *Mauro*, 436 U.S. at 359, 98 S.Ct. at 1846 (citations omitted, emphasis added). The Texas Court of Criminal Appeals has recognized that a detainer is a request by a criminal justice agency that is filed with the institution in which the prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent. *Votta*, 299 S.W.3d at 135, n.5.

There are two ways by which the final disposition of a prisoner's untried matters may be sought under the IADA. Under the first scenario, if a detainer has been lodged and a prisoner seeks final disposition of any untried indictment, information, or complaint, the prisoner must be brought to trial within 180 days of being delivered to the receiving state, subject to his compliance with additional requirements imposed by the provisions of the IADA that we will not discuss here. TEX. CODE CRIM. PROC. ANN. art. 51.14, art. III(a)(b); *State v. Miles*, 101 S.W.3d 180, 183 (Tex. App.–Dallas 2003, no pet.) (the provisions of Article III apply only when a detainer has first been lodged against the prisoner).

Under the second scenario, the IADA provides:

The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Paragraph (a) of Article V hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated; provided that the court having jurisdiction of such indictment, information, or complaint shall have

7

> duly approved, recorded, and transmitted the request; and provided further that there shall be a period of 30 days after receipt by the appropriate authorities before the request be honored, within which period the governor of the sending state may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.

TEX. CODE CRIM. PROC. ANN. art. 51.14, art. IV(a). Both of these provisions require that a detainer be lodged. As noted by the Supreme Court, when a detainer is lodged on the initiative of a prosecutor or law enforcement officer, it requires additional action, that is, the filing of "a written request for temporary custody or availability" by the receiving state, before the prisoner may be taken into custody. *Mauro*, 436 U.S. at 352, 358, 98 S.Ct. at 1843, 1846; TEX. CODE CRIM. PROC. ANN. art. 51.14, art. IV(a). The written request must be duly approved, recorded, and transmitted by the court having jurisdiction over the untried indictment, information, or complaint, and the request is also subject to the disapproval of the sending state's governor. TEX. CODE CRIM. PROC. ANN. art. 51.14, art. IV(a). After meeting these and other prerequisites mandated by the IADA, a prisoner's trial must be commenced within 120 days after the arrival of the prisoner within the receiving state; however, the trial court may grant any necessary or reasonable continuance for good cause shown, in the presence of the prisoner and his counsel. TEX. CODE CRIM. PROC. ANN. art. 51.14, art. IV(a)-(c).

Conversely, a writ of habeas corpus *ad prosequendum* is issued by a court, rather than prosecutors or law enforcement officers, and is immediately executed. *Mauro*, 436 U.S. at 360, 98 S.Ct. at 1847. In *Mauro*, the Supreme Court expressly held that a writ of habeas corpus *ad prosequendum* is not a detainer and does not trigger the provisions of the IADA. *Id.* at 349, 361, 98 S.Ct. at 1841-42, 1848. Nor may a writ of habeas corpus *ad prosequendum* be considered a "written request for temporary custody" as contemplated within the meaning of Article IV of the IADA,

8

unless a detainer is also filed. *Id.* at 361-62, 98 S.Ct. at 1848.

*Application*

Corral challenges the trial court's decision to overrule his motion to dismiss the indictment by which he asserted that the trial court had lost jurisdiction due to the State's failure to try him within 120 days under the provisions of the IADA. In conducting our analysis, we are mindful that the trial court did not have an opportunity to consider Deputy U.S. Marshal Patino's affidavit at the dismissal hearing, as it was not executed until one month thereafter and it was only brought to the trial court's attention at the new trial hearing, after Corral had entered his guilty plea.

While there is some evidence that Corral was transferred from the custody of the Otero County Prison Facility by the U.S. Marshal, the fact remains that no evidence was ever presented to the trial court showing that a detainer was filed either before or after the writ of habeas corpus *ad prosequendum* was issued. Because the writ of habeas corpus *ad prosequendum* is not a detainer, because there was no evidence presented to the trial court that showed a detainer had ever been filed with the institution having custody of Corral, rather than with a law enforcement agency, and because there was no evidence presented to the trial court showing that Corral was in fact "serving a term of imprisonment" as required by the IADA, the Act's time frame for bringing Corral to trial in El Paso on the underlying charges did not apply here. *Mauro*, 436 U.S. at 349, 361, 98 S.Ct. at 1841-42, 1848; TEX. CODE CRIM. PROC. ANN. art. 51.14, art. IV(a); *see McNulty v. State*, No. 05-02-00635-CR, 2003 WL 575212, at *2 (Tex. App.–Dallas Feb. 28, 2003, no pet.) (not designated for publication) (where a formal detainer neither preceded nor followed the issuance of two writs of habeas corpus *ad prosequendum*, the trial court's issuance of the writs alone did not trigger the application of the IADA); *see also Espinoza v. State*, 949 S.W.2d 10, 13 (Tex. App.–San Antonio

9

1997, pet. ref'd) (holding that neither the time period nor the dismissal provisions in the IADA applied to a charge that did not form the basis of a detainer, and holding that the trial court did not err in refusing to dismiss the non-detainer charge). Consequently, we find that the trial court did not err when it overruled Corral's motion to dismiss the indictment for lack of jurisdiction as the time period for commencing trial under the IADA did not apply to him. Corral's first issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

March 31, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

10